# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

APRIL 1997 SESSION



**FILED**

**July 31, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9607-CC-00288 |
| | ) | |
| vs. | ) | Putnam County |
| | ) | |
| **MATTHEW SCOTT ALBERTSON,** | ) | Honorable Leon Burns, Jr., Judge |
| | ) | |
| Appellant. | ) | (Sale of Cocaine |
| | ) | and Sale of Marijuana) |
| | ) | |

FOR THE APPELLANT:

MARTELIA T. CRAWFORD
310A E. Broad St.
Cookeville, TN 38501

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM E. GIBSON
District Attorney General

OWEN G. BURNETT
Asst. District Attorney General
145 S. Jefferson Ave.
Cookeville, TN 38501

OPINION FILED: _____

**AFFIRMED AS MODIFIED**

CURWOOD WITT
JUDGE

**OPINION**

The defendant, Matthew Scott Albertson, appeals the Putnam County Criminal Court's denial of judicial diversion and straight probation following the defendant's convictions of sale of cocaine and sale of marijuana. The trial court, Judge Leon Burns, Jr., presiding, sentenced the defendant on the sale of cocaine conviction to four years and suspended all but 90 days. He ordered the confinement to be served in the county jail with the balance of the sentence on probation conditioned upon participation in Community Corrections.[1] For the sale of marijuana conviction, the trial court imposed a two-year sentence to be served in the same manner as the cocaine sentence.[2] The sentences were ordered to be served concurrently. The defendant complains that the trial court erred in failing to grant him judicial diversion, and alternatively, that he should have been granted a completely probated sentence. On review, we affirm the judgment of the trial court.

In July 1991, the defendant, then an undergraduate student at Tennessee Technological University in Cookeville, was involved in the sale of controlled substances. As a result of an undercover investigation by local law enforcement and an operative from the Tennessee Highway Patrol, the defendant and two other individuals were indicted with various offenses relating to the sale of controlled substances. The defendant was indicted on two counts of sale of marijuana and one count of sale of cocaine, in violation of Tennessee Code Annotated section 39-17-417(a)(3). The defendant was tried before a jury of his peers and convicted of the sale of less than .5 gram of cocaine. He pleaded guilty to sale of over one-half ounce of marijuana and agreed to a two-year sentence, with the manner of service of that sentence to be determined by the court. The state

---

[1]The court also imposed a $2,000 fine and ordered $250 restitution, which actions have not been appealed.

[2]The court also imposed a $1,000 fine and ordered $75 restitution, which actions have not been appealed. These terms were part of the plea agreement.

agreed to nolle prosequi the remaining sale of marijuana count.[3]  The defendant requested judicial diversion.

At the sentencing hearing, Brenda Reed, the probation officer who conducted the presentence investigation, testified she believed the defendant was amenable to correction and that it would be a "wonderful opportunity" for him to receive judicial diversion.  When questioned whether the sale of marijuana and cocaine was a serious problem in Putnam County, she responded this was a serious problem anywhere.

The defendant testified that since committing the offenses for which he was convicted, he has received his bachelor's degree in microbiology from Tennessee Tech.  Following graduation, he obtained a position in which he utilized his degree; however, he had to leave this employment after receiving his felony convictions due to the employer's policy against employing felons.  Since losing that job, the appellant has worked as a chef at greatly reduced wages.  He also testified he has married and has made plans to return to school to earn his master's degree. The defendant admitted knowing his actions were against the law at the time he committed them.  He testified, however, he stopped using marijuana prior to his last year of college and asked his roommates not to use drugs around him. According to the defendant, this took place prior to his learning he faced criminal prosecution for the sale of drugs.  He expressed his remorse and desire to receive a second chance.

Kimberly Bullington, a family friend from the defendant's hometown, testified she had known the defendant all his life and thought he would benefit from

---

[3]Apparently, the defendant was in the room at the time of this transaction but not actively involved in its consummation.

a second chance. She testified the defendant had taken on significant responsibility within the past two years due to illness of some of his family members. She also testified the defendant sometimes worked two jobs to get through college. Likewise, she said the defendant regretted his involvement in selling drugs.

According to the defendant's statement in the presentence report, the offenses in question arose when the defendant first sold marijuana to an undercover officer, who then repeatedly requested that the defendant sell him some cocaine. The defendant had no cocaine, although he eventually obtained some and sold it to the officer.[4] The defendant admitted having previously used marijuana two to three times per week over a period of four years and denied ever using cocaine. Two random drug screens performed at the request of the probation officer were negative for the presence of cocaine or marijuana. The presentence report also confirmed the defendant's steady work history and educational background.

The defendant submitted three letters of reference attesting to his good character, written by a minister, pharmacist and businessman from his hometown. These letters uniformly appealed to the court for leniency.

In imposing the sentences for the defendant's two convictions, the trial court first denied judicial diversion based on the nature and circumstances of the offense and the need for deterrence. The court went on to impose a sentence for the cocaine offense of four years with all but 90 days suspended "so we can

---

[4]The evidence on this issue is not fully developed in the record on appeal. The defendant admits in his statement in the presentence report that he arranged for another drug dealer from his hometown to bring the cocaine to the defendant's house, where the undercover officer picked it up and left the money for it. We have not been provided with the trial transcript and are unaware of the state's evidence which may or may not contradict this contention. We note, however, there has been no challenge to the sufficiency of the evidence that the defendant was guilty of the sale of cocaine.

make sure he gets the message" with the balance to be served on probation conditioned upon Community Corrections. In imposing this sentence, the court did not enunciate which, if any, of the sentencing considerations or the enhancement and mitigating factors it relied on. The trial judge did not announce the manner of service of sentence for the marijuana offense at the sentencing hearing. However, a judgment form in the technical record reflects a sentence of two years with all but 90 days suspended and the balance to be served in Community Corrections. The length of this sentence was agreed upon by the defendant and the state as part of the plea agreement.

# I

In his first issue, the defendant challenges the trial court's denial of judicial diversion. He contends the trial court (1) did not consider all of the relevant factors and (2) gave undue weight to two of the factors, the circumstances of the offense and the deterrence value to the defendant and others.

The Sentencing Reform Act of 1989 provides in pertinent part:

> If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment or a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period of time not less than the period of the maximum sentence for the misdemeanor with which he is charged, nor not more than the period of the maximum sentence of the felony with which he is charged, on the condition that the defendant pay, in addition to the payment of not less than ten dollars ($10.00) nor more than thirty-five dollars ($35.00) per month, as determined by the court [as part payment of the expenses of supervision of the defendant]. . . .

Tenn. Code Ann. § 40-35-313(a)(1) (Supp. 1996). The procedure under this provision is commonly referred to as judicial diversion. It is substantially similar to pretrial diversion; however, judicial diversion follows a guilty plea and the decision

to grant diversion rests with the court, not the prosecutor. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The lower court's denial of judicial diversion is subject to appellate reversal only if that court abused its discretion. State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983). When a defendant challenges the denial of judicial diversion, we are constrained not to revisit the issue if the record contains any substantial evidence supporting the trial court's decision. Hammersley, 650 S.W.2d at 356; accord State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993) (where the evidence is capable of justifying differing results, this court allows the prosecutor his or her discretion on a decision of whether to allow pretrial diversion).

In determining whether to grant judicial diversion, the trial court must consider

> (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether diversion will serve the public's and the accused's interests in the ends of justice.

State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (citation omitted). Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. Bonestel, 871 S.W.2d at 168 (citations omitted). The court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. Bonestel, 871 S.W.2d at 168 (citations omitted).

In general, the presence of only one of the factors is sufficient to support a denial of judicial diversion. State v. Thomas Dailey, No. 02C01-CR-00008, slip op. at 4 (Tenn. Crim. App., Jackson, Aug. 21, 1991) (relying on State v. Baron, 659 S.W.2d 811 (Tenn. Crim. App. 1983) (applying this rule in the context of a denial of probation)). However, the supreme court has said that two of the

**6**

factors, the circumstances of the case and deterrence, may not be given "controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (pretrial diversion case) (emphasis in original) (quoting State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988)).

In this case, the trial court made its findings on the record with respect to the relevant factors. The court found the defendant was amenable to correction. It found the circumstances of the offense "significant" in that the defendant was willing to sell drugs to a stranger, obtained cocaine for the stranger, and was ready and willing to sell drugs on a college campus. The court noted the defendant's lack of a criminal record, positive social history and good physical and mental health. On the other hand, the court found deterrence of this defendant and others was an important consideration and was better accomplished by not granting judicial diversion. The court did not explicitly address the public's and the accused's interest in the ends of justice, although it is apparent from the trial judge's statements at sentencing that he weighed this factor in conjunction with the others.[5] As such, we disagree with the defendant's assertion that the trial court did not consider all of the relevant factors.

In arriving at its determination, the lower court relied on the circumstances of the offense and the need for deterrence. It is obvious from the

---

[5]Among the trial judge's relevant comments are the following

> I think [based on] . . . the deterrence of seeing that people who are in these situations should have to face the consequences of their actions, I would deny Judicial Diversion in this case.
> . . .
> I would impose a sentence of four years, and I think that he should serve 90 days straight time so we can make sure that he gets the message[.]

The court also indicated its concern with appropriately dealing with an individual who sold drugs on a college campus. We believe the trial court properly considered whether diversion would serve the public's and the accused's interests in the ends of justice, notwithstanding its failure to specifically denominate its findings as such.

trial judge's extensive discussion of these two factors on the record that he gave them controlling weight over the other relevant factors. The court's discussion of the circumstances of the offense and the need for deterrence consumes the vast majority of the judge's comments about the relevant considerations. In particular, the trial court was troubled with the defendant's willingness to sell drugs to a stranger, the fact the defendant was engaged in his criminal enterprise in a college campus environment, the need for this type of crime to have consequences, and the need for the defendant to learn his lesson. Contrary to the appellant's assertion, we do not believe the trial court abused its discretion in weighing these factors more heavily than the others. Substantial evidence exists to support this action.

Accordingly, we must hold there is no error in the trial court's denial of judicial diversion. The defendant's first issue is without merit.

## II

The remaining issue challenges the propriety of the sentence imposed on the defendant. In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1990). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. §§ 40-35-210(b), 40-35-103(5) (1990); Ashby, 823 S.W.2d at 168. On appeal, the appellant has the burden of showing the sentence imposed is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1990); Ashby, 823 S.W.2d at 169.

In this case, the trial court failed to place on the record any enhancement and mitigating factors it found, as required by the Sentencing Act. See Tenn. Code Ann. § 40-35-210(f) (Supp. 1996). It is imperative that the trial court note its findings relative to the enhancement and mitigating factors on the record in order for this court to undertake meaningful review of the propriety of the defendant's sentence. Because the court did not do so, we conduct our de novo review without the presumption that the trial court properly sentenced the appellant.

First, with respect to the length of the sale of cocaine sentence, all of the enhancement factors submitted to the trial court by the state are inapplicable as a matter of law.[6] In the absence of any enhancement factors to overcome the presumptive minimum sentence, the defendant must receive no more than the minimum sentence. See Tenn. Code Ann. § 40-35-210(c) (Supp. 1996). In this case of a Class C felony committed by a Range I offender,[7] that sentence is three years. See Tenn. Code Ann. § 40-35-111(b)(3) (1990). Thus, we modify the length of the defendant's sentence for sale of cocaine accordingly.

With respect to the sentence for the sale of marijuana conviction, the

---

[6]The state submitted three enhancement factors for the trial court's consideration. They were factors 1 (defendant's criminal history), 10 (no hesitation to commit crime where risk to human life was high), and 16 (crime committed under circumstances in which potential for bodily injury to a victim was great). Prior to sentencing, the state conceded the inapplicability of factor 1. In its brief to this court, the state indirectly concedes the inapplicability of factor 10 but maintains the propriety of factor 16. This court has previously recognized that factors 10 and 16 may not be used to enhance a sale of cocaine sentence because the legislature has already considered the inherently dangerous characteristics of cocaine by classifying it as a Schedule II drug, and to use this rationale for enhancement would be duplicative. State v. Keel, 882 S.W.2d 410, 419-21 (Tenn. Crim. App. 1994).

[7]The defendant may have been eligible for classification as an especially mitigated offender, due to his lack of prior felony convictions, the absence of enhancement factors and the possible presence of mitigating factors. See Tenn. Code Ann. § 40-35-109 (1990). Such a determination is within the discretion of the trial court. Tenn. Code Ann. § 40-35-109, Sentencing Comm'n Comments (1990). The appellant, however, has not challenged the trial court's determination he is a standard offender, and we decline to address this issue ex mero motu.

defendant agreed to the two-year length of this sentence as part of the plea agreement. The parties agreed this sentence would be concurrent to the sentence imposed by the trial court for the sale of cocaine conviction and submitted only the manner of service to the trial court for its consideration. Thus, the defendant's effective sentence for the two convictions is three years.

Next, we turn to the issue of the manner of service of this sentence. Having received a sentence of less than eight years, the defendant is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (1990). Moreover, he is eligible for probation. See Tenn. Code Ann. § 40-35-303(a) (Supp. 1996). He argues he should receive straight probation, rather than confinement coupled with probation conditioned upon Community Corrections.[8]

First, we point out that the defendant did receive an alternative sentence. Split confinement is an alternative sentencing option. State v. James A. Howard, No. 03C01-9608-CC-00284, slip op. at 7 (Tenn. Crim. App., Knoxville, February 24, 1997), appl. perm. app. filed (Tenn., May 6, 1997); State v. James E. Allred, No. 03C01-9504-CR-00110, slip op. at 2 (Tenn. Crim. App., Knoxville, March 20, 1996); State v. Marjorie Jeanette Sneed, No. 03C01-9410-CR-00369, slip op. at 3 (Tenn. Crim. App., Knoxville, October 17, 1995); Ernest Lee Lands, Jr. v. State, No. 03C01-9404-CR-00145, slip op. at 3 (Tenn. Crim. App., Knoxville, May 19, 1995), perm. app. denied (Tenn. 1995); State v. Danny Allison, No. 03C01-9403-CR-00106, slip op. at 3 (Tenn. Crim. App., Knoxville, March 23, 1995); State v. Alvin Lee Lewis, No. 01C01-9404-CC-00125, slip op. at 7-8 (Tenn. Crim. App.,

---

[8]Code section 40-35-102 does not specifically authorize a sentence of confinement followed by a term of Community Corrections. However, this section does authorize a sentence of confinement in conjunction with a term of probation. Tenn. Code Ann. § 40-35-102(c)(4) (Supp. 1996). The Community Corrections statute authorizes the court to sentence a defendant to Community Corrections as a condition of probation in conjunction with a suspended sentence, split confinement or periodic confinement under chapter 35. Tenn. Code Ann. § 40-36-106(f) (Supp. 1996). Thus, the sentence imposed is generally an appropriate alternative to incarceration. See also Tenn. Code Ann. § 40-36-302(b) (Supp. 1996).

Nashville, March 14,1995), perm. app. denied (Tenn. 1995); see Tenn. Code Ann. § 40-35-104(c) (Supp. 1996). The benefit the defendant enjoyed in being presumed a suitable candidate for alternative sentencing has been depleted.

Accordingly, we move to the question of probation. The defendant seeks total probation. Probation is, indeed, an alternative sentencing option. Tenn. Code Ann. § 40-35-104(c)(3) (Supp. 1996); Tenn. Code Ann. § 40-35-303(b) (Supp. 1996). However, the burden rests with the defendant to show that he is entitled to probation. Tenn. Code Ann. § 40-35-303(b) (Supp. 1996); see State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App.), perm. app. denied (Tenn. 1995). In Bingham, this court observed:

> It should be pointed out that determining whether a defendant is entitled to an alternative sentence necessarily requires a separate inquiry from that of determining whether the defendant is entitled to full probation. This is so because the inquiries involve different burdens of proof. Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. Conversely, the defendant has the burden of establishing suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing.

Bingham, 910 S.W.2d at 455. To prevail in the quest for full probation, a defendant must demonstrate that probation "will 'subserve the ends of justice and the best interest of both the public and the defendant.'" Bingham, 910 S.W.2d at 456 (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). In Bingham, we cited the following factors which, although "not controlling the discretion of the sentencing court," should be considered in determining the appropriateness of probation:

(1) The nature and characteristics of the crime, under Tenn. Code Ann. § 40-35-210(b)(4) (Supp. 1996);

(2) the defendant's potential for rehabilitation, under Tenn. Code Ann. § 40-35-103(5)(1990);

(3) whether full probation would "unduly depreciate the seriousness of the offense," under Tenn. Code Ann. § 40-35-103(1)(B) (1990); and

(4) whether a sentence of full probation would "provide an effective

**11**

deterrent," under Tenn. Code Ann. § 40-35-103(1)(B) (1990).

Bingham, 910 S.W.2d at 456. The nature and characteristics of the criminal conduct involved is a factor that is related logically to the issue of depreciating the seriousness of the offense. State v. Hartley, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991). When these factors serve as the only basis for denying probation, the nature and characteristics of the offense must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," outweighing all other factors favoring probation. State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981) (emphasis added). See also Hartley, 818 S.W.2d at 375.

Bearing in mind that our review in this case is de novo, without a presumption of the correctness of the trial court's decision, we take note of pertinent undisputed facts in evidence. The defendant presents a history of good citizenship prior to his use of marijuana and his sale of not only this drug but also cocaine. He has demonstrated a capacity for productive living and in dealing with family members with illnesses, has shown compassion and commitment. Moreover, the trial court's sentence entails the payment of substantial fines which have not been contested on this appeal.

There are, of course, counterweights to these considerations. We share the trial court's expressed concern that the defendant engaged in this activity on or near a campus of higher learning. The defendant was willing to place these controlled substances into commerce by selling to a stranger. Furthermore, although his college degree is certainly the product of discipline, diligence, and hard work, we acknowledge that the defendant's educational attainment and professional capabilities also encumber him with the wherewithal and the responsibility to understand and obey society's rules. These aspects of the criminal conduct involved are sufficiently offensive, tending to outweigh other considerations favoring

**12**

the grant of probation, so as to compel us to conclude that the defendant has not carried his burden of demonstrating that he is entitled to full probation.

Having so concluded, we hold that split confinement is appropriate. We modify the sentence in order to require that the defendant serve 60 days in confinement in the county jail, with the balance of the effective sentence of three years to be probated conditioned upon participation in Community Corrections for and during the first year following release from custody.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
DAVID H. WELLES, JUDGE