LUDLOW *v.* LIFE & CASUALTY INS. CO.

(*Jackson,* April Term, 1948.)

Opinion filed January 17, 1949.

HOMER L. ARMSTRONG and THOMAS F. TURLEY, JR., both of Memphis, for complainant.

WARING, WALKER & Cox and PALMER E. MILLER, all of Memphis, for defendants.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

■ The petition of Louise L. Ludlow to rehear is only a reargument of the issues ably presented in her original brief. It suggests nothing of law or fact not presented in the petition for *certiorari* and supporting brief. A rehearing must, therefore, be refused under our Rule 32.

Petitioner indicates in her petition to rehear dissatisfaction with our failure to file a written opinion. It urges us, if this petition be denied, to "write the law, in a large, bold hand, and file a written opinion setting forth the reasons which impel it to that conclusion."

■ The same complaint was made recently in a petition to rehear in the case of *Jones* v. *Mercer Pie Company,* now reported in 187 Tenn. 322, 214 S. W. (2d) 46, 49. In order to remind the profession of our practice in this respect, we made the following response in that case to this complaint:

"The memorandum opinion of this Court which concluded with a denial of the petition for *certiorari* was not filed for the reason that we considered the excellent opinion of the Court of Appeals to have conclusively answered each of the insistences made by the plaintiff in error, Mercer Pie Company, who is the petitioner for *certiorari.* This practice and the reason therefor is stated thus in the case of *Beard* v. *Beard,* 158 Tenn. 437, 442, 14 S. W. (2d) 745, 747".

What was there said is exactly applicable here. We cannot, therefore, continue to file unnecessary memo-

randums in every case in which petition for *certiorari* is denied and in which we concur with the reasoning and conclusions of the Court of Appeals, although we easily understand the natural professional desire of an attorney that such be done in a case in which his petition is unsuccessful. He likes to be told why. When no memo has been filed, unless otherwise indicated, it is because the Court of Appeals had told him why in language and reasoning in which we fully concur.

The petition to rehear is denied.

All concur.