Butcher *et ux. v.* Mosby *et al.*

*(Jackson,* April Term, 1954.)

Opinion filed July 23, 1954.

Wallace Lopez, of Memphis, for complainants, Albert Butcher and wife.

Strauch & Jones, of Memphis, for complainants, Willie Truce and wife.

Charles L. Neely, of Memphis, for complainants, Walter Hiley and wife.

John Aycock, of Memphis, for complainant, Vassie Brister.

William L. Allan, Lee Winchester, Jr., and Winchester & Bearman, all of Memphis, for defendant, Massachusetts Bonding & Ins. Co.

PER CURIAM.

In denying the petition of Mr. Butcher and wife for writ of certiorari we did not file a memorandum. This was because we considered such filing to be unnecessary. *Ludlow* v. *Life & Casualty Ins. Co.*, 188 Tenn. 227, 218 S. W. (2d) 65. This has resulted in the filing by Mr. Butcher and wife of a petition to rehear. Their insistence is that we should grant the writ in order to thereafter write an opinion construing Section 1713 of the Code. The petition suggests that this might prevent "many suits".

For reasons which must be obvious to the profession, it is not necessary to file a memo. in many cases in which this Court denies petition for certiorari. However, that member of the Court to whom is assigned the record in which is filed the petition for certiorari always prepares and presents to his associates on the Court a memorandum detailing the reasons for his recommendation as to what disposition shall be made of the petition for the

writ. That practice was, of course, followed in this case. And it was for the reasons set out in that unfiled memo. prepared by one member of this Court that the petition for certiorari was denied.

Out of deference to the sincerity manifested in the face of the petition to rehear, this Court will copy herein that unfiled memo. Upon reading it, counsel will observe that the granting of the petition to rehear, followed by a granting of the writ, then oral arguments of the case, etc., could not accomplish the purpose for which he thinks the petition should have been granted. That memo. is as follows:

"Lemuel W. Mosby, a real estate agent in Shelby County, defrauded a number of his customers. Being a licensed agent at the time he was under bond in the sum of $1,000 with the Massachusetts Bonding & Insurance Company as surety.

"On proof of fraud by Mosby in a real estate transaction, Butcher and wife secured a judgment of $800 in the Chancery Court in cause No. 53587 R. D. This was on February 27, 1952.

"Before this decree was satisfied, Walter Hiley and wife, who had also been customers of Mosby, secured a judgment against him for $500 on March 10, 1952. This was in cause No. 53431 R. D. It was provided in the Hiley decree that the Hiley cause be consolidated with the Butcher cause, and that the two judgment creditors share proportionately in the principal amount of the bond of $1,000. It was further provided that all other claimants against Mosby should so share and file intervening petitions within 30 days, or be forever barred.

"No appeal was perfected by Butcher and wife from this decree. They later filed the record for writ of error

in the Court of Appeals. The Court of Appeals affirmed, and we defined certiorari. Accordingly, the provision that the Butchers share proportionately with other creditors in the common fund of $1,000 from the bond is res adjudicata as to the Butchers.

"After the decree consolidating the causes and providing for the proportionate participation in the common fund, the Bonding Company filed in cause No. 53587 R. D. (the case of Butcher and wife v. Mosby et al.) what it denominated a ''cross-bill'' (but which was in fact, an intervening petition) by which the Bonding Company paid into the hands of the Clerk and Master the sum of $1,000, made Butcher and wife, Hiley and wife, and a number of other claimants against Mosby, cross-Defendants, and prayed that the $1,000 be divided among the claimants proportionately to their respective claims, and that the Bonding Company be discharged and released from further liability. All the cross-Defendants were served with process and apparently they were all the creditors of Mosby. Some of these cross-Defendants answered the cross-bill, proving their claims, but Butcher and wife (the petitioners for certiorari) permitted an order pro confesso, signed by the Chancellor, to be taken against them. So far as the record discloses, this order pro confesso has never been set aside.

"On June 18, 1953, Butcher and wife made a written motion in the Chancery Court seeking to have their judgment paid in full. This motion was denied, and in the decree denying the motion, it was again provided that Butcher and wife should share proportionately in the fund of $1,000, that is to say, that Butcher and wife should recover from the fund the sum of $444.44 as their pro rata share; that Walter Hiley and wife, who were also

judgment creditors, should have and recover of the fund $277.78, and that Vassie Brister, also a judgment creditor for $500, should receive from the $1,000 the sum of $277.78.

"The Court of Appeals has affirmed this decree on the general principle that 'equity likes to do justice and not by halves.'

"While I agree with the conclusion reached, it seems to me that the decision should have been predicated on the fact that the principle of pro rata distribution of the common fund was res adjudicata, since the Butchers had permitted a decree with that provision to become final without making any objection, and had later filed the record for writ of error, and lost the appeal, both in the Court of Appeals and in this Court.

"I recommend that we deny the writ, and that we concur in the result."

For the reasons stated in the memo above quoted, the petition to rehear will be denied.

Swepston, Justice, did not participate in this case.