MATILDA ELROD

*v.*

ALBERT J. ELROD.

(*Jackson,* April Term, 1956)

Opinion filed December 7, 1956.

HOLMES & HOLMES, Trenton, O'HEARN, THARPE & KEATHLEY, Memphis, for petitioner.

ROBERT P. ADAMS, H. H. ELDER, Trenton, for respondent.

On Petition to Rehear.

PER CURIAM.

The petition for *certiorari* was denied without filing the conference memo. used by the Court in considering the merits of the petition. See *Butcher v. Mosby*, 197 Tenn. 107, 270 S.W. 2d 377. Mrs. Elrod has accordingly filed a petition to rehear, wherein it is stated that Mr. Elrod's reply brief falsely attributed to the Chancellor the following statements, to wit:

(1) "The evidence and record in this cause made out a case of cruel and inhuman treatment entitling the complainant to an absolute divorce, but for the two year residence Statute."

(2) "In his oral opinion, the Chancellor announced but for the two year residence. Statute, the facts warranted a divorce on the ground of cruel and inhuman treatment."

The concern expressed by the petition to rehear is that these statements in Mr. Elrod's reply "could very well have been the determination upon which petition for *certiorari* was denied".

In disposing of the petition for *certiorari*, this Court proceeded on the assumption that the Chancellor had made no formal finding either way as to whether the

proof of events which occurred in New York, together with those which occurred in Tennessee, justified a divorce, except for the jurisdictional fact. The foregoing statements attributed to Mr. Elrod's reply brief played no part in the denial of the petition.

The Court of Appeals did conclude as a fact, taking the New York evidence into consideration, that "the clear preponderance of the evidence would have warranted" the granting of a divorce to Mr. Elrod, except for the jurisdictional fact.

The other ground assigned by the petition as justification for a rehearing is that "the opinion of the Court of Appeals may be clarified". The petition makes no specification as to what its authors think should be clarified. This ground of the petition cannot, therefore, be further considered.

The petition to rehear will be denied.