STATE of Tennessee, Appellant,

v.

Billy Lee KING, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 12, 1982.

Permission to Appeal Denied by Supreme Court May 3, 1982.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., William Cox, Asst. Dist. Atty. Gen., Chattanooga, for appellant.

Don W. Poole, Poole & Thornbury, Chattanooga, for appellee.

## OPINION

SCOTT, Judge.

This is an appeal by permission from the trial court, pursuant to Rule 9, T.R.A.P., wherein the state challenges the trial judge's decision to place the appellee in pre-trial diversion as authorized by TCA § 41–2103, et seq.

The appellee was charged with the offense of indecent exposure, a misdemeanor. The transcript of the preliminary hearing in the City Court of Chattanooga revealed that the appellee was charged with masturbating in the presence of several small children behind the Charles A. Bell Elementary School. Although there was only one incident charged, the children testified that they had seen the appellee there on a number of occasions doing the same thing. One boy described having seem him ejaculate. Another testified that the appellee asked him whether he, the witness, played with his own penis. There was no proof that the appellee touched or fondled any of the children.

The appellee's counsel sought a pre-trial diversion memorandum of understanding with the District Attorney General, pursuant to TCA § 40–2108. The District Attorney General refused, advising counsel by letter that, "A diversion program would only be considered by (the witnesses and their families) if the defendant pled guilty prior to the diversion of the case." The District Attorney General agreed with the victims and stated that he felt that he "could recommend to the victims a diversion program if the defendant pled guilty prior to the diversion."

The District Attorney General also filed a document styled, "State's Basis for Refusing to Divert Defendant". This document sets forth the state's reasons for refusing to enter into the memorandum as follows:

1. The defendant is charged with a crime against children of tender years. The State owes a high duty to vigor-

ously enforce laws to protect those who are the most defenseless within society. Children fall within this category. It is also important that child victims learn by example that those persons who commit wrongful acts are appropriately punished.

2. Though the defendant is charged with a single offense of indecent exposure, there are multiple victims which enhances the magnitude of the wrongful act.

3. The State's proof would show that the defendant had exposed himself on numerous occasions at differing dates and times which enhances the severity of the offense.

4. The defendant denies his guilt and therefore is not a qualified candidate for pre-trial diversion. The purpose and nature of pre-trial diversion is set out by the Supreme Court of Tennessee in *Pace v. State,* 566 S.W.2d 861, which sets forth in part:

The self-evident purpose of the pre-trial diversion statute is to spare appropriately selected *first offenders* (emphasis added) the stigma, embarrassment and expense of trial and the collateral consequences of a criminal conviction.

*Pace,* supra, also establishes that rehabilitation is a further goal of the pre-trial diversion statutes.

The defendant may attain the status of a first offender only after it has been determined judicially that he has committed an offense against the State. This may be accomplished either by a formal admission of record or trial by jury with a resulting conviction. Until this threshold judicial determination is made, the defendant is not a "first offender" he is a non-offender and innocent under the law.

Pursuant to TCA § 40–2108(b), the appellee sought judicial review of the refusal by the District Attorney General. The trial judge was presented with the foregoing statement of reasons for refusing diversion; the letter from the District Attorney General to the appellee's counsel; the transcript of the preliminary hearing in the City Court of Chattanooga; a pre-sentence report by the probation officer; and four affidavits in the appellee's behalf. All four affiants were present in open court, but were not cross-examined.

In addition to the circumstances of the offense, these documents revealed that the appellee is a fifty-seven (57) year old male. He graduated from Central High School in 1942, and was drafted into the Army the following year. He served overseas for three years during World War II and was, honorably discharged in 1946. In 1948, he reenlisted in the Army and served until 1954. Following his discharge he remained active in the U.S. Army Reserve until 1967.

For approximately twenty-seven years the appellee has been employed by American National Bank of Chattanooga and has risen to the position of Executive Vice-President. He has attended the Louisiana State University Graduate School of Banking for three years. The appellee is a respected businessman in Chattanooga. In addition to his responsible position at the bank, he is the owner of a motel and apartment house. The appellee is active in civic affairs in Chattanooga and has been active in the work of the Presbyterian Church for the past thirty-five years.

Married in 1944, the appellee has two children, ages nineteen and twenty-seven. One of the affiants in the appellee's behalf was John P. Wright, the President of American National Bank. At the time of the hearing Mr. Wright had been employed at the bank for thirty-three and one-half years and had been its President since 1962. He has known the appellee for twenty-five of those years. For the past eleven years the appellee reported directly to Mr. Wright. In addition, they had had some social dealings.

Another affiant was Frank Mallicoat, a Vice-President and Branch Manager at the St. Elmo Branch of American National Bank. Mr. Mallicoat had previously served eleven years as a criminal investigator for the Hamilton County District Attorney General's Office and ten years with the

Chattanooga Police Department. He had known the appellee for ten and one-half years.

Another affiant was M.C. Gross, a retired retail grocer who had served as foreman of the Hamilton County Grand Jury for ten years. Mr. Gross had known the appellee since 1971, but knew of his reputation in the community long before that. He had visited in the appellee's home and they had attended antique auctions together.

The fourth affiant was Bernard Wheeler, a furniture dealer who had known the appellee for twenty-seven years. They and their families had fished together, visited and vacationed together. Mr. Wheeler characterized the appellee as his best friend.

As one would expect, all of the affidavits were filled with extremely laudatory remarks about the appellee. Upon learning of the charges, the affiants described their emotions as "stunned", "unable to believe it", "shocked", and filled with "a feeling of disbelief".

The trial judge ordered the District Attorney General to place the appellee in pre-trial diversion and to suspend the prosecution for a minimum period of one year, upon five conditions set forth by the trial judge.

In this appeal, the state has framed the issue as follows:

> Does the District Attorney General always abuse his discretion in denying pre-trial diversion where the defendant has no prior record?

■ That is not the issue in this case. The question in this case is, "Did the District Attorney General abuse his discretion in denying pre-trial diversion *to this defendant?*" The trial judge found that he did. We concur.

Judge Duncan succinctly stated the law concerning pre-trial diversion in *State of Tennessee v. Crystal Johnson,* Court of Criminal Appeals, filed at Nashville, January 22, 1981:

> The responsibility to decide whether a given defendant is suitable for pre-trial diversion rests in the discretion of the

prosecuting attorney. TCA § 40–2108 (Supp. 1980). However, if the trial court finds that the prosecuting attorney has abused his discretion in failing to divert, the trial court may order the prosecuting attorney to place the defendant in a diversion status on such terms as the trial court deems necessary. TCA § 40–2108(b) (Supp. 1980); *Pace v. State,* 566 S.W.2d 861 (Tenn. 1978).

In reviewing the exercise of discretion of a district attorney general in granting or denying a defendant's participation in a pre-trial diversion program, the trial court is to be guided by similar standards to those employed in appellate review of applications for suspended sentences. *Blackwell v. State,* 605 S.W.2d 832 (Tenn. Cr.App.1980). Among other factors to be considered in addition to the circumstances of the offense are the criminal record, social history, present condition of a defendant, the physical and mental condition where appropriate, and the likelihood or lack thereof that pre-trial diversion will serve the ends of justice and the best interest of both the public and the defendant. See *State v. Grear,* 568 S.W.2d 285 (Tenn.1978); *Moten v. State,* 559 S.W.2d 770 (Tenn.1977); *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974); *Hooper v. State,* 201 Tenn. 56, 297 S.W.2d 78 (1956). Further, neither the nature of the offense, nor the circumstances surrounding the offense is by itself a sufficient ground for denying diversion. *Blackwell v. State,* 605 S.W.2d 832 (Tenn.Cr.App. 1980).

The first three reasons assigned by the state for refusing to place the appellee in pre-trial diversion involved the nature and circumstances of the offense. If the nature and circumstances of the offense were a sufficient basis for the denial of pre-trial diversion, all offenses within the framework of diversion could be denied on that basis alone, thus substantially eliminating the program. *Blackwell v. State,* 605 S.W.2d 832, 834 (Tenn.Cr.App.1980), citing other cases from this Court.

In its brief, the state contends that indecent exposure of one's genitals to young children is a "heinous offense" and therefore a denial of pre-trial diversion based alone on the nature and circumstances of the offense is proper. We disagree. "Heinous" is defined as "outrageously evil or wicked; abominable". *Webster's New World Dictionary of the American Language,* 2d Ed., p. 649. While indecent exposure is certainly a "repulsive" offense, it is not "heinous".

■ Finally, the state contends that because the appellee has not entered a plea of guilty that he cannot be placed on pre-trial diversion.

The state reasons that since he has not pleaded guilty the appellant is not a "first offender" and is therefore ineligible for the diversion program. It was never intended that a plea of guilty be a prerequisite for placement in the pre-trial diversion program. TCA § 40–2108(a) provides that the prosecution may be "suspended" if a memorandum of understanding is executed, that the defendant waives his right to a speedy trial, and his right to be indicted at any particular term of court, and that filing the memorandum tolls the statute of limitations. Judge Tatum observed, in discussing the use of probation criteria for determining eligibility for pre-trial diversion:

> Further, since the Pre-trial Diversion Act relieves the defendant of the burden of being tried or convicted of a crime, though guilty of violating the criminal law, the criteria should be more stringently applied to diversion applicants than probation applicants. *State v. Poplar,* 612 S.W.2d 498, 501 (Tenn.Cr.App. 1980).

The relief obtained by pre-trial diversion is essentially the same as that obtained by being granted probation, which is grantable only after a plea or finding of guilty. TCA § 40–2901.

To require a plea of guilty prior to placement of a defendant on pre-trial diversion would amount to supplanting this program with probation, and would totally defeat the legislative purpose of these statutes.

The record contains no valid reason for the denial of diversion to this appellee. The trial judge was correct in his determination that the District Attorney General abused his discretion in denying pre-trial diversion to this appellee. The judgment ordering the placement of the appellee in pre-trial diversion is affirmed.

DUNCAN and DAUGHTREY, JJ., concur.