**STATE of Tennessee, Appellee,**

v.

**John SUTTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 18, 1984.

Permission to Appeal Denied by Supreme Court April 2, 1984.

Steven North, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Richard A. Fisher, Asst. Dist. Atty., Nashville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal pursuant to Rule 9, Tennessee Rules of Appellate Procedure, from the denial of pretrial diversion. The appellant, John H. Sutton, was indicted for unlawfully concealing a stolen automobile valued at over $200 and of violating T.C.A. § 55–5–112, by altering the serial number on the same automobile. The appellant applied to the District Attorney General for diversion of these two cases and the application was denied. The Criminal Court found that the District Attorney General did not abuse his discretion and affirmed the denial of diversion. On this appeal, the appellant states that the District Attorney General abused his discretion and that he is entitled to pretrial diversion pursuant to T.C.A. § 40–15–105. We agree with the trial judge that the District Attorney did not abuse his discretion and we therefore affirm the judgment of the trial court.

The case was assigned for prosecution to Assistant District Attorney Richard Fisher.

The appellant states that in an oral statement, General Fisher told him that diversion was being denied because he (General Fisher) did not believe in diversion for car theft cases and that diversion was not appropriate because the appellant was charged with two criminal offenses. General Fisher denied making this statement. On May 4, 1983, the State filed an answer to the petition stating that diversion was denied because of "defendant's extensive involvement and participation in the crime of auto theft, as indicated by this investigation and statement from his codefendant McDougal." On May 13, 1983, the date of the hearing, but prior to the time the hearing was actually had, the State, at the request of the trial judge, filed a supplemental pleading to the petition, setting out more specifically the State's reason for denying diversion:

"Comes the State of Tennessee, by and through Richard A. Fisher, Assistant District Attorney General, and would say to the Court that the State had received information that the defendant was extensively involved in, and had knowledge of a large number of auto thefts, the disassembly or alteration of stolen vehicles, in whole or in part the assembly of vehicles by use of parts of stolen vehicles and the same of such vehicles, all of which occurred in the vehicle stolen, altered and sold and delivered to an innocent purchaser in this indictment. This information came from two (2) sources. First, Police Officer Don Hargrove based his belief on his investigation and knowledge acquired as an auto theft detective. Secondly, a co-defendant through his attorney, in an effort to plea bargain, advised this Assistant District Attorney General that his client could assist the State in prosecution of defendant John Sutton, and he further advised that, specifically, a stolen boat could be recovered that had been run through the defendant John Sutton's place of business. In an effort to help himself, John Sutton corroborated the information furnished by the co-defendant's lawyer by assisting

detective Hargrove in the return of the boat."

The record indicates that the appellant is self employed in retail automobile sales. He has no prior criminal record, received an honorable discharge from the United States Army and appears to be a stable and reliable individual. He was interviewed by Janet Stanfield, a pre-trial release counselor, and he made a favorable impression upon her. He attributed all wrongdoing to one of his employees. Ms. Stanfield observed that "circumstances surrounding this case seem a little unclear." She stated that "if there are no unknown details about this case which I have not been made aware of, I would recommend Mr. Sutton as a good candidate for the pretrial intervention program." According to the procedure required by the Davidson County District Attorney, the appellant was also interviewed by Assistant District Attorney Roger Fish. General Fish, basing his opinion solely on the interview, thought that the appellant was a proper person for pretrial diversion, although he erroneously informed the appellant or his attorney that diversion was not available to a person charged with two felony offenses. Otherwise, General Fish thought that the appellant was a good candidate for diversion and so informed General Fisher, who had the responsibility of making the decision. General Fisher, being the prosecutor to whom the case was assigned, had the entire file and was familiar with all of the aspects of the case.

There is no evidence or suggestion that the appellant was not commercially engaged in dealing with stolen property. The appellant insists that at the time the decision was made to deny diversion, the State had no evidence upon which the denial was based; he insists that the evidence was developed subsequent to the State's denial of diversion.

■ We hold that all information in possession of the District Attorney General may be relied upon by the State at a certiorari hearing in Criminal Court. We agree with the State that to hold otherwise would

be to promote judicial inefficiency since the prosecution can, with good cause, always terminate diversion, on the basis of new information, and resume prosecution pursuant to T.C.A. § 40–15–105(d). This is not to say that evidence may be accepted and considered by the trial judge that has never been submitted to the District Attorney General since the trial court considers only whether the District Attorney General abused his discretion in denying diversion. *State v. Poplar,* 612 S.W.2d 498 (Tenn.Cr. App.1980).

■ The appellant also contends that the extensive involvement in auto thefts constitutes the "nature and circumstances of the crime" and, as a matter of law, will not in itself justify denial of diversion. He cites *State v. King,* 640 S.W.2d 30, 32 (Tenn.Cr.App.1982) and *Blackwell v. State,* 605 S.W.2d 832, 833 (Tenn.Cr.App.1980). We agree with the State that the Supreme Court overruled these cases in *State v. Hammersley,* 650 S.W.2d 352, 355 (Tenn. 1983). In that case, the Supreme Court held in effect that T.C.A. § 40–21–104 should be read into the pretrial diversion statute and that all factors upon which the court acts in deciding whether to grant probation should be considered on questions of diversion. *Hammersley* specifically stated that circumstances of the offense is an appropriate factor for consideration. 650 S.W.2d at 355. In *Powers v. State,* 577 S.W.2d 684 (Tenn.Cr.App.1978), this court held that probation may be denied solely because of the nature and circumstances of the offense. We hold that this factor is applicable to diversion cases.

■ We add that the dealing in a stolen boat and previous commercial activity in stolen automobiles is a part of the appellant's social history which is a valid factor for consideration. In fact, this activity probably more nearly fits into the social history category than the category of circumstances of the offense.

■ The appellant refers to the Attorney General's information as being "uncorroborative." Pretrial diversion is an extraordi-

nary largesse of the law in that it excuses many guilty persons from even being tried. While we applaud the rule that one cannot be convicted on the uncorroborated testimony of an accomplice, we do not think that it is applicable on the question of whether he will be tried. However, in addition to the information given the District Attorney General by the accomplice, through the accomplice's attorney; the Attorney General also had similar information from police investigators.

We agree with the trial court that the Assistant District Attorney did not abuse his discretion in denying diversion. We therefore affirm the judgment below and remand the case for trial.

DWYER and BYERS, JJ., concur.