IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1997 SESSION



FILED

October 21, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9511-CC-00344 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Honorable R. Jerry Beck, Judge |
| | ) | |
| RANDY SCOTT MORRELL, | ) | (Denial of Pretrial Diversion) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Stephen M. Wallace
District Public Defender
    and
Terry Jordan
Assistant Public Defender
P. O. Box 839
Blountville, TN 37617-0839

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Darian B. Taylor
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
        and
Gene Perrin
Nancy S. Harr
Assistant District AttorneysGeneral
P.O. Box 526
Blountville, TN 37617-025

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Randy Scott Morrell, is before us in an extraordinary appeal, T.R.A.P. 10, from the order of the Sullivan County Criminal Court affirming the prosecuting attorney's denial of his application for pretrial diversion. The sole issue for our review is whether the trial court erred by affirming the denial.

The defendant was indicted on one count of statutory rape, a Class E felony, and two counts of contributing to the unruly behavior of a minor, a Class A misdemeanor. The defendant requested pretrial diversion, and pursuant to a stipulation of the parties, the trial court ordered the Department of Correction to conduct a background investigation on the defendant. In a letter dated January 19, 1995, the prosecuting attorney denied the defendant's application for pretrial diversion for the following reasons:

> 1. The defendant is charged under T.C.A. 39-13-506. As of January 1, 1995 this statute is one of those enumerated in T.C.A. 40-39-102, "Definitions" (Sex Offender Registration and Monitoring Act) as constituting a sex offense requiring registration under the act. It would be against the public policy of the statute to grant pretrial diversion and thus evade the registration requirement of that statute.
>
> 2. The two victims of these offenses were troubled youths in State custody. This factor is not an element of any charge against the defendant. The defendant took advantage of this particular vulnerability.
>
> 3. The defendant has expressed no regret regarding the incident, nor any acknowledgment of a realization that his actions were improper. On the contrary, the defendant indicated to Detective Russell that he knew his actions were wrong but did it anyway. This indicates no inclination toward rehabilitation.
>
> 4. The defendant is charged with a total of three charges, involving two victims. Further, the defendant is approximately ten years older than the victims far in excess of the statutory requirement of four years.

2

The defendant petitioned the trial court for a writ of certiorari to review the denial of pretrial diversion. The state submitted a copy of the record it relied upon to deny pretrial diversion to the court. The record included the investigative report that was prepared by the Department of Correction, a statement the defendant gave police, a victim impact statement,[1] two Tennessee Bureau of Investigation missing child reports, the indictment, and an affidavit of complaint. No further evidence was presented at the certiorari hearing.

In the statement he gave police, the twenty-four-year-old defendant admitted that the victim called him after she and a friend had run away from the Sullivan County Youth Center. The defendant said that he knew the girls were runaways and that he tried to convince the victim to return to the youth center. He admitted that he drove the girls to Kingsport where he dropped one of them off. He said that he and the victim eventually went to a barn where they had sexual intercourse. He admitted that he penetrated her digitally and performed oral sex on her later that day. The sexual conduct was consensual, and the defendant admitted that he knew the victim was fourteen at the time.

In the victim impact statement, the victim stated that the defendant hurt her mentally. She accused the defendant of playing with her mind and said that he convinced her to run away and to have sex with him.

According to the investigative report, the defendant dropped out of school in the eleventh grade to work to help support his family. He is in good health mentally and physically and does not drink alcohol or use illegal drugs. He has no prior criminal

---

[1] The trial court granted a petition to rehear in this case because it concluded that it erred by considering the victim impact statement when it denied the defendant's petition for writ of certiorari. However, consideration of the victim impact statement was proper in so far as the statement was considered by the prosecutor and reflects the circumstances of the offense. See State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993).

record and is presently employed doing farm labor. The report states that the defendant told a detective that he knew what he did was wrong but that he did it anyway.

The trial court held that there was no abuse of discretion in the prosecutor declining to grant the defendant pretrial diversion because the circumstances of the offense sufficiently support the denial of pretrial diversion. The court stated that the girls were evidently troubled and that the defendant knew that the girls had run away from state custody at the time of the offenses. In reaching its decision, though, the court rejected the prosecutor's claim that the defendant should not receive diversion because he was charged with an offense requiring registration under the Sex Offender Registration and Monitoring Act. The court also concluded that based on the record before it, the factor about the defendant's lack of remorse was not entitled to much weight.

The decision to grant or deny an application for pretrial diversion is in the discretion of the prosecuting attorney. T.C.A. § 40-15-105; State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983); Carr, 861 S.W.2d at 855. On a petition for certiorari, the hearing conducted by the trial court is limited to two issues:

> (1) whether the accused is eligible for diversion; and
>
> (2) whether there was an abuse of discretion by the prosecuting attorney in refusing to divert the accused.

State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

In making the initial determination, the prosecuting attorney must consider (1) the circumstances of the offense, (2) the accused's criminal record, (3) the accused's social history, (4) the accused's physical and mental condition, (5) the deterrent effect of punishment upon other criminal activity, (6) the accused's amenability to correction, (7) the likelihood that pretrial diversion will serve the ends of

4

justice and the best interests of the accused and the public, (8) the accused's attitude, behavior since arrest, home environment, current drug usage, emotional stability, past employment, general reputation, family stability and attitude of law enforcement. State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993). Thus, the nature and circumstances of the alleged offenses are not the only appropriate factors to be considered upon application for diversion, but they may provide a sufficient basis for denial. Carr, 861 S.W.2d at 855; State v. Sutton, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984).

The decision of a prosecuting attorney to grant or deny pretrial diversion is presumptively correct and it will not be set aside absent a "patent or gross abuse of prosecutorial discretion." Hammersley, 650 S.W.2d at 356 (quoting Pace v. State, 566 S.W.2d 861, 870 (Tenn. 1978) (Henry, C.J., concurring)). Thus, on appeal, the record must be void of any substantial evidence in support of the decision before this court may find an abuse of discretion by the prosecuting attorney. Hammersley, 650 S.W.2d at 356; Carr, 861 S.W.2d at 856.

The defendant contends that the prosecutor abused her discretion by denying his request for pretrial diversion because she failed to state in the letter of denial that she considered evidence showing that the defendant is amenable to correction. The defendant argues that his lack of a criminal record and his admissions of his acts indicate that he is not likely to offend again. He correctly points out that the denial letter does not specify that any of his favorable traits were considered. Instead, the letter summarily states, "In making this decision we have considered all of the factors set forth by the Tennessee Supreme Court in [State v. Herron, 767 S.W.2d 151 (Tenn. 1989)] and subsequent cases."

5

We agree with the defendant that the summary statement is an inadequate explanation on the record of the prosecutor's consideration of all the relevant factors. However, we also note that the defendant had the initial burden of submitting information in support of his request for diversion.

> The burden is on the [defendant], in the first instance, to provide the prosecuting attorney with sufficient background information and data to enable that officer to make a reasoned decision to grant or deny the relief sought. Of course this information may be supplemented by the pretrial investigation authorized by T.C.A. § 40-15-104, but the investigation does not lessen the obligation of an applicant to endeavor to show beforehand he is an appropriate subject for diversion.

Herron, 767 S.W.2d at 156; see also State v. Baxter, 868 S.W.2d 679 (Tenn Crim. App. 1993). The record before us does not contain the defendant's request for pretrial diversion and does not reflect that the defendant submitted any evidence in support of his request. Thus, we could question the sufficiency of the record to support the defendant's entitlement to diversion regardless of the prosecutor's level of compliance.

In any event, the record the prosecuting attorney considered in denying the defendant's request for pretrial diversion contains the defendant's statement admitting his actions and the investigative report that shows that the defendant has no criminal record. The trial court considered these facts but concluded that sufficient evidence in the record supported the prosecuting attorney's decision to deny pretrial diversion. We agree with the trial court's conclusion.

The record before us demonstrates that the defendant knew that the fourteen-year-old victim had run away from state custody at the time of the offense. Although the defendant claimed in his statement that he tried to convince the victim to return to the youth center, the victim stated that the defendant played with her mind and convinced her to run away. The defendant is ten years older than the victim and penetrated the victim three different ways. Based upon the circumstances of this case,

6

we conclude that the prosecutor did not abuse his discretion by denying the defendant's request for pretrial diversion.

The trial court's judgment is affirmed.

_____
_____Joseph M. Tipton, Judge


CONCUR:


_____
Jerry L. Smith, Judge


_____
Thomas T. Woodall, Judge