# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1998 SESSION



**FILED**

**July 16, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9706-CR-00227 |
| Appellant, | ) |
| | ) Sevier County |
| V. | ) |
| | ) Honorable Ben W. Hooper, II, Judge |
| | ) |
| **DEWEY L. CLARK,** | ) (Rule 9) |
| | ) |
| Appellee. | ) |

FOR THE APPELLEE:

Jeff D. Rader
Ogle, Wynn & Rader
Attorneys at Law
103 E. Bruce Street
P.O. Box 5365
Sevierville, TN 37864

James H. Ripley
Sharp & Ripley
Attorneys at Law
P.O. Box 4630
Sevierville, TN 37864

FOR THE APPELLANT:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

Alfred C. Schmutzer, Jr.
District Attorney General

Charles E. Atchley, Jr.
Assistant District Attorney General
125 Court Avenue, Room 301 E
Sevierville, TN 37862

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The Sevier County Grand Jury indicted the appellee, Dewey L. Clark, on four counts of illegally dispensing controlled substances while employed as a pharmacist and one count of theft of property (controlled substances) over $500. The state denied Clark's application for pretrial diversion. He filed a petition for certiorari in the trial court challenging the state's decision. The trial court found that the prosecutor had abused his discretion in denying diversion. This Court granted the state's application for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The issue is whether the trial court's decision is supported by a preponderance of the evidence. We affirm.

Clark filed a request with the district attorney general to suspend prosecution and to be placed on diversion pursuant to Tennessee Code Annotated § 40-15-105 (Supp. 1994). This statute provides that certain qualified offenders may enter into a memorandum of understanding with the state to suspend prosecution for a period of time during which a defendant must comply with the terms of the agreement. Upon the successful completion of the program, all pending charges must be dismissed. In enacting the statute, the legislature thought that society would be better off if certain offenders were placed on diversion as opposed to imprisonment. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989).

The parties stipulated to the facts. The appellee was forty-three years old when he applied for diversion. He has no prior criminal record. He graduated from Hiwassee College in 1972 and the University of Tennessee School of Pharmacy in 1975. Before the present allegations, he had worked for Revco as a pharmacist since 1975. He has been married for twenty-four years and has two teenage children.

The appellee submitted evidence in support of his application for pretrial diversion. Clark has lived in East Tennessee all of his life, as did his parents. In

1991, the appellee suffered a back injury while duck hunting. The appellee's physician, Dr. Alan Whiton, stated in a letter that the appellee's back condition was a painful condition that required prescription pain medication. The appellee had continuous problems with his back until he underwent surgery to fuse his spine in 1995. Clark is a devoted and loving husband and father. He is an active member in his church. Many members of the community, including persons in the medical and pharmaceutical profession, wrote letters on Clark's behalf. The letters establish that he has been a respected member of his community.

The prosecutor is vested with the discretion to evaluate and decide which applications for pretrial diversion should be granted. Id.; See State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). The following factors should be considered in determining whether diversion is appropriate: (1) the circumstances of the offense; (2) the criminal record, social history and present condition of the defendant, including his mental and physical conditions where appropriate; (3) the deterrent effect of punishment upon other criminal activity; (4) defendant's amenability to correction; (5) the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and defendant; and (6) the applicant's attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement. State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (citing State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988)).

In his written denial of diversion, the prosecutor states that he has "reviewed the materials sent and considered all of the factors." He states that the denial is based on the nature of the offense, an abuse of a position of trust, deterrence, and the appellee's failure to answer certain questions on the application for diversion. The prosecutor stated that Clark's activity was an ongoing criminal enterprise and not merely aberrant behavior. He said that

1,150 pills were seized when a search warrant was executed at the Clark residence; that the appellee was caught on videotape taking controlled substances from Revco; that an inventory of the bay in which the appellee worked showed a shortage of 11,907 pills; and that the state had a witness who had purchased illegal drugs from the appellee. The prosecutor's second basis was that as a professional pharmacist, Clark abused his position of trust with Revco and the community. The prosecutor's third basis was that the illegal sale of controlled substances is an escalating problem in Sevier County, and the need for general and specific deterrence is great. Finally, the prosecutor said that Clark's failure to respond to two questions on the state's application for diversion reflected adversely on his attitude. The questions were whether Clark was under the influence of drugs or alcohol when the offense(s) occurred and a request for a recitation of the facts of the offense(s) from his standpoint.

Clark filed a writ of certiorari with the trial court. The court may overturn a denial of an application for diversion upon a finding of an abuse of discretion. Tenn. Code Ann. § 40-15-105(b)(3). The trial court must defer to the prosecutor's discretion when the record contains any substantial evidence to support the prosecutor's decision. Carr, 861 S.W.2d at 856.

The record before the court was the appellee's application for pretrial diversion, the state's response denying diversion, and the appellee's petition for certiorari. Although the appellee disputes the facts relied upon by the state, no evidentiary hearing was held to resolve the disputes. See State v. Pinkham, 955 S.W.2d 956 (Tenn. 1997). The court heard arguments of counsel and took the matter under advisement. In its very thoughtful and thorough order, the court found that the prosecutor failed to consider the appellee's amenability to correction and factors that favored granting diversion. The prosecutor also failed to explain why the factors favoring diversion were outweighed by those factors relied upon to deny diversion. The court found that the state abused its discretion and that there was no substantial evidence to support the denial of

diversion. The court found that there are no adverse circumstances relative to the appellee's history, attitude, behavior since arrest, home environment, current drug use, current alcohol use, emotional stability, employment history, general reputation in the community, marital stability, family responsibility, or attitude toward law enforcement. The court found the that appellee's background and character were "absolutely exemplary" and "especially compelling."

The court found that the prosecutor had failed to articulate facts or details to support general or specific deterrence as a basis for denying diversion. The court found that the appellee's failure to answer the questions on the state's form for pretrial diversion did not reflect adversely on the appellee's suitability for diversion. The court said that the appellee was not required to admit guilt to apply for or receive diversion. See State v. King, 640 S.W.2d 30 (Tenn. Crim. App. 1982). The court did not address the state's position that the appellee violated a position of trust. The court said that, in this case, the offenses and the facts surrounding the offenses were insufficient, standing alone, to deny pretrial diversion.

On appeal, the state argues that the evidence in the record preponderates against the trial court's finding of an abuse of discretion. The state concedes that it denied pretrial diversion mainly on the "overwhelming nature and circumstances of the offense." The state argues that the circumstances alone may be the sole basis for denying diversion. The state further argues that amenability to correction only comes into play if the circumstances of the offense are not overwhelming. The appellee argues that the trial court correctly held that the prosecutor abused his discretion because (1) he did not articulate the factors and particularize the reasons upon which his denial was based and (2) because the prosecutor failed to consider evidence which tends to show that the appellee is amenable to correction and not likely to commit further acts.

On appeal, we review the record to determine whether the trial court's decision is supported by a preponderance of the evidence.[1] State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). First, the prosecutor should have stated in his written denial all factors that he considered in denying diversion. "If the district attorney denies pretrial diversion, the denial must include both an enumeration of the evidence that was considered and a discussion of the factors considered and weight accorded to each." Id. at 960. Although this may seem unnecessary and time consuming to the prosecutor, it is necessary for trial court and appellate review. In this case, the prosecutor was allowed to address the court. However, the record still does not establish that the prosecutor considered the factors favoring amenability to rehabilitation. At the hearing, the prosecutor said that there was no need to discuss the factors which were not the basis of the denial in his letter to the appellee. Indeed on appeal, the state argues that the prosecutor does not have to consider such factors if the nature of the offense is particularly significant or flagrant. We disagree. While the nature of the offense alone can support a denial of diversion in certain cases, the prosecutor must consider all relevant factors in making his or her decision to grant or deny diversion. Id. at 959-60; Carr, 861 S.W.2d at 855. Amenability to correction is definitely an important and relevant factor. See Carr, 861 S.W.2d at 855. Therefore, the evidence does not preponderate against the trial court's finding of an abuse of discretion based on the failure to consider the appropriate factors.

The evidence supports the trial court's finding that there is no evidence of a need for general or specific deterrence. The prosecutor offers no specific fact or detail to support his conclusion that the illegal sale of controlled substances is an escalating problem in Sevier County. We agree that the appellee's failure to "tell his side of the story" and admit whether or not he was on drugs at the time of

---

[1] In State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993), the Court stated that the presumption of correctness applies to the trial court's factual findings; and, that when the record calls for no factual findings, then the issue on appeal is whether, as a matter of law, the prosecutor abused his discretion in denying diversion. There were no factual findings in either Pinkham or Carr so there seems to be a conflict in the appropriate standard of review in such cases.

the offense, as requested by the state, is not indicative of a failure to cooperate. Both questions can be read to ask for admissions of guilt. Refusing to answer these types of questions should not reflect poorly on the appellee's attitude or amenability to correction especially when he was instructed by his attorney not to answer. The trial court did not address the abuse of a position of trust. "'The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. If the evidence supports that finding, then the court must determine whether the position occupied was abused by the commission of the offense.'" State v. Leggs, 955 S.W.2d 845, 849 (Tenn. Crim. App. 1997) (quoting State v. Kissinger, 922 S.W.2d 482, 488 (Tenn.1996)). This factor is not applicable to the appellant's position as a pharmacist on the facts of this case. Finally, the evidence does not preponderate against the trial court's finding that the nature of the offense alone is insufficient in this case to support a denial of diversion.

The state notes that during oral argument, the court said that the evidence could support either a denial or a grant of diversion. When the evidence will support either a grant or denial, then the prosecutor has not abused his or her discretion. Carr, 861 S.W.2d at 855. However, the court took the matter under advisement and wrote a thorough explanation of the law and findings of fact. We believe that the trial court's order controls.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-7-

_____
JOHN H. PEAY, Judge


_____
CORNELIA  A. CLARK, Special Judge