866 S.W.2d 950 (1993)
STATE of Tennessee, Appellee,
v.
Leonora E. WASHINGTON, Appellant.
Supreme Court of Tennessee, at Nashville.
November 22, 1993.
Charles W. Burson, Atty. Gen. and Reporter, John B. Nisbet, III, Asst. Atty. Gen., Nashville, for appellee.
R. Steven Waldron, Murfreesboro, for appellant.

OPINION
DAUGHTREY, Justice.
This pretrial diversion matter is before us on application for extraordinary appeal by permission from the order of the Court of Criminal Appeals denying relief to the applicant under Rule 9, Tennessee Rules of Appellate Procedure. Because we find merit to the defendant's contention that she should have been granted diversion on all charges except driving under the influence, we vacate the order of the intermediate court and remand the case to the trial court for further proceedings.
The defendant, a 46-year-old school teacher with no prior criminal record, was arrested as she drove home from a Christmas Eve party and charged with DUI, simple possession of marijuana and cocaine, and unlawful possession of drug paraphernalia and a firearm. The district attorney took the position *951 that Washington was legally precluded from pretrial diversion on all charges because of the wording of T.C.A. § 55-10-403(b)(1), which provides that "[n]o person charged with [D.U.I.] shall be eligible for suspension of prosecution ... or for any other pretrial diversion program... ." The trial court and the Court of Criminal Appeals agreed and denied pretrial diversion on the non-D.U.I. charges, even though the intermediate court found the defendant's application for diversion to be "especially compelling" on the merits.
The state's argument is, first, that the statute as written makes a person charged with DUI ineligible for pretrial diversion, rather than merely excluding the charge of DUI from the diversion program. This ineligibility, the state further argues, extends to all related charges that are covered by the mandatory joinder provision in Tennessee Rule of Criminal Procedure 8(a). Hence, according to the state's theory, all the charges arising out of Washington's arrest are excluded from diversion, because she is ineligible for diversion under the "plain language" of § 55-10-403(b)(1).
We think this conclusion rests on a hyper-technical reading of both the statute and the procedural rule. The legislative intent with regard to § 55-10-403(b)(1) is well-known. The General Assembly meant to provide for mandatory minimum sentencing in DUI cases and carefully insulated those mandatory minimum sentences from suspension or diversion. There is nothing in the legislative history of the statute to suggest that the legislature intended to bar suspension and diversion of non-D.U.I. charges, even those arising from the same incident. In the absence of a clear legislative directive to the contrary, we decline to read § 55-10-403 more broadly than the statute requires, in keeping with the well-settled rule that a criminal statute must be read narrowly in the defendant's favor.
As to the merits of the case, we agree fully with the Court of Criminal Appeals's characterization of the defendant's petition for diversion as "especially compelling." She is an otherwise respected member of the community who has taught elementary school in Rutherford County for more than 20 years. She holds a bachelor's degree from Middle Tennessee State University and a master's degree from Tennessee State University. She has been active in community affairs and in her church. Her request for diversion was supported by local civic and political leaders, by her pastor, and by school officials. To the extent that her offenses, although apparently aberrant, require chemical dependency treatment, substance abuse counseling, or other correctional response short of incarceration, the trial court is equipped to individualize her diversion program.
Tennessee case law directs that "the following factors and circumstances should be considered in determining [whether] diversion is warranted: circumstances of the offense; the criminal record, social history and present condition of the defendant, including his mental and physical conditions where appropriate; the deterrent effect of punishment upon other criminal activity; defendant's amenability to correction; the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and defendant; and the applicant's attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement." State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988) (citing Pace v. State, 566 S.W.2d 861 (Tenn. 1978), and State v. Hammersley, 650 S.W.2d 352 (Tenn. 1983)). Hence, while the circumstances of the case and the need for deterrence may be considered as two of many factors, they cannot be given controlling weight unless they are "of such overwhelming significance that they [necessarily] outweigh all other factors." Markham, 755 S.W.2d at 853. In the absence of such exceptional circumstances, "the district attorney general must consider evidence which tends to show that the applicant is amenable to correction [by diversion] and is not likely to commit further criminal acts." Id.
The proof in this case clearly meets the Markham standard. We do not, of course, wish to be interpreted as condoning the offenses *952 charged against the defendant. There is, however, no evidence to suggest that she was guilty of any offense other than simple possession of the contraband in question and driving while intoxicated. Although the non-D.U.I. charges were indeed serious, they must be evaluated in context and in light of all the other, favorable factors in the record.
The order of the Court of Criminal Appeals is vacated, and the case is remanded to the trial court for severance of the DUI charge, entry of a plea on that offense, and entry of an appropriate order of diversion on the remaining charges.
REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.