# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY SESSION, 1997

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9610-CR-00349 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. BERNIE WEINMAN |
| RAY A. DOUGLAS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Denial of Judicial Diversion) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

A. C. WHARTON
Public Defender

SHERRY BROOKS
Assistant Public Defender
201 Poplar, Suite 2-01
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN W. PIEROTTI
District Attorney General

REGINALD HENDERSON
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the trial court's denial of judicial diversion. The Defendant had entered a plea of guilty to the Class C felony offense of selling less than .5 grams of cocaine.[1] The trial court sentenced the Defendant to the minimum sentence of three years, with all time suspended except for sixty days, which the Defendant was allowed to serve on weekends. On appeal, the Defendant argues that the trial judge abused his discretion when he denied judicial diversion.[2] We disagree and affirm the judgment of the trial court.

The record does not contain a transcript of the guilty plea proceeding. About all we can ascertain regarding the underlying facts of the offense is that the Defendant sold another individual a small quantity of crack cocaine. He pleaded guilty, with sentencing left to the discretion of the trial judge. The State first argues that the Defendant was sentenced pursuant to a plea agreement and that therefore the Defendant has no right to appeal the denial of diversion. From our view of the record, we believe the Defendant entered into a "open-ended" plea with sentencing left to the discretion of the trial court. We therefore conclude that an appeal lies as of right pursuant to Rule 37(b)(2)(ii) of the Tennessee Rules of Criminal Procedure. See State v. Talmadge G. Wilbanks, C.C.A. No. 02C01-9601-CR-00003, Shelby County (Tenn. Crim. App., Jackson, Nov. 19, 1996)

---

[1]Tenn. Code Ann. § 39-17-417(c)(2).

[2]See Tenn. Code Ann. § 40-35-313.

(holding that an appeal lies as of right from the judgment of a trial court denying judicial diversion).

We now turn to the principal issue before us in the present case, namely, whether the trial court abused its discretion in denying judicial diversion. Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion. For instance, in determining whether to grant pretrial diversion, a district attorney general should consider the defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation and amenability to correction, as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that pretrial diversion will serve the ends of justice and best interests of both the public and the defendant. See State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). A trial court should consider the same factors when deciding whether to grant judicial diversion. See State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); State v. Anderson, 857 S.W.2d 571, 572-73 (Tenn. Crim. App. 1992). Moreover, a trial court should not deny judicial diversion without explaining both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh other factors for consideration. See Bonestel, 871 S.W.2d at 168.

In addition, this Court applies "the same level of review as that which is applicable to a review of [a] district attorney general's action in denying pre-trial diversion." State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992); see also Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572. In other words, this Court reviews the record to determine whether the trial court abused its discretion. See Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572. To find an abuse of discretion, we must determine that no substantial evidence exists to support the ruling of the trial court. See Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572.

In the case sub judice, the presentence report reflects that the Defendant was twenty-one years old, unmarried and had successfully completed high school. He had a good work record and no significant criminal history. He had recently undergone surgery for a kidney problem, but his health was apparently good. His mother had some health problems and she reported that the Defendant helped care for her.

At the hearing on the petition for judicial diversion, the only witness to testify was the Defendant. He stated that the person to whom he sold the drugs, who was a codefendant, came to his home and asked him if he had any drugs to sell. He sold her the cocaine and it turned out she was working with the police and he was subsequently arrested. He testified that this was the first time he had ever sold drugs. He stated that at the time he sold the other person the drugs, he did not know her and that he was among a group of people shooting basketball in front of a house and she just approached them and asked if someone could sell her some drugs. He said that he was the one who happened

to respond. He first stated that he had acquired the drugs the day before he sold them but then stated it was more like two weeks before he sold them. He said that he bought ten "rocks" for one hundred dollars but he later testified that he paid five dollars per "rock". He said that the "rock" that he sold the other person was the only "rock" he had at the time and that he had put the rest of the "rocks" in a field and as far as he knew they were still in the field at the time of the sentencing hearing. He testified that they were the first drugs he had dealt with and that he got them from someone who he knew only as "Snake". When the judge asked the Defendant about the person he had acquired the drugs from, the Defendant stated, "I don't know his full name. I just know him as Snake. That's all I know."

In denying the Defendant diversion, the trial judge expressed his concern that drug trafficking is a "horrible crime." Concerning drug traffickers, the judge stated "I think if there's any set of circumstances that does not deserve diversion, it's these set of circumstances. Randomly selling drugs to people on the street and care not what happens to them, because of greed." The trial judge found the Defendant lacking in credibility, stating, "no, sir, Mr. Douglas, I thought that a good bit of your testimony wasn't the truth, very honestly." The State argues that the Defendant's lack of candor during his testimony justifies the trial judge's denial of diversion. From our review of the Defendant's testimony, we certainly understand why the trial judge found the Defendant lacking in credibility and why the trial judge was unimpressed with the Defendant's explanation of the circumstances surrounding this offense. If a trial judge finds that a defendant testifies untruthfully at a hearing on an application for judicial diversion, a favorable decision can hardly be expected.

As we have stated, the granting of judicial diversion lies within the sound discretion of the trial court. The trial court is in the best position to determine the Defendant's attitude and demeanor. Here, it is clear that the judge found the Defendant to be dishonest and unrepentant. These factors alone may be sufficient to justify the trial court's denial of judicial diversion. <u>See</u> <u>State v. Dowdy</u>, 894 S.W.2d 301, 307 (Tenn. Crim. App. 1994). The record shows that the trial judge considered the presentence report, the nature of the offense, and the circumstances of the Defendant. The trial judge denied judicial diversion but granted probation. We are unable to conclude that the trial judge abused his discretion. <u>See</u> <u>State v. George</u>, 830 S.W.2d 79, 80 (Tenn. Crim. App., 1992); <u>see also</u> <u>State v. Anderson</u>, 857 S.W.2d 571, 574 (Tenn. Crim. App., 1992).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE

-6-