IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1997 SESSION

FILED

January 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9606-CR-00231 |
| Appellee, | * | SUMNER COUNTY |
| VS. | * | Hon. Jane W. Wheatcraft, Judge |
| BUFFY M. TWADELL, | * | (Pretrial Diversion) |
| Appellant. | * | |

For Appellant:

Steven F. Glaser
Assistant Public Defender
Eighteenth Judicial District
117 East Main Street
Gallatin, TN 37066

For Appellee:

Charles W. Burson
Attorney General and Reporter

Karen M. Yacuzzo
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Thomas Dean
Assistant District Attorney General
113 West Main Street
Gallatin, TN 37066

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The defendant, Buffy Mae Twadell, has been indicted on two counts of aggravated perjury. Tenn. Code Ann. § 39-16-703. The district attorney general denied the defendant's application for pretrial diversion. Thereafter, the trial court denied her petition for a writ of certiorari. In this extraordinary appeal made pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure, the defendant insists that the district attorney general abused his discretion by the denial of pretrial diversion. We affirm the judgment of the trial court.

The allegations in the indictment provide, in part, as follows:

Count One: [That the defendant] ... on or about the 26th day of September, 1995, ... did, with intent to deceive, make a false statement under oath in an official proceeding, to[]wit: the trial of <u>Buffy Mae Twadell v. Bradley Dayne Twadell</u> in the Chancery Court of Sumner County, Tennessee, and said false statement was material and consisted of [the defendant] testifying that on October 7, 1994, Bradley Dayne Twadell struck her at her residence, pushed her off the porch and that the police made him leave....

Count Two: [That the defendant] on or about 26th day of September, 1995, ... did, with intent to deceive, make a false statement under oath in an official proceeding, to[]wit: the trial of <u>Buffy Mae Twadell v. Bradley Dayne Twadell</u> in the Chancery Court of Sumner County, Tennessee, and said false statement was material and consisted of [the defendant] testifying that during the period of October 28, 1994, through July 1, 1995 she endorsed the checks she received from AFDC over to the Tennessee Department of Human Services, Fiscal Services Division, and did not keep the proceeds of said checks....

The defendant made a formal request for pretrial diversion. In response, the district attorney general, while acknowledging the defendant's eligibility for consideration, rejected the application, concluding that perjury was not warranted by her fear of losing custody of her child. The district attorney general

observed that the defendant had refused to recant her perjury when given the opportunity by the chancellor, who had presided in the divorce case, to do so on the witness stand; he found that the defendant "stubbornly insisted on the truth of statements which are now known to have been false." He reasoned that the defendant had steadfastly refused to "set the record straight" and that her fabrication extended "over a long period of time." The district attorney concluded that the nature and circumstances of the crime of perjury overrode the fact that the defendant had no prior criminal convictions and had otherwise been a productive member of her community. He observed that the defendant lacked candor in making only a partial confession and was unrepentant in attitude.

At the conclusion of the hearing on the petition for certiorari, the trial court determined that the defendant had deliberately lied to the chancellor and that the nature and degree of the offense indicated a lack of amenability to rehabilitation. In declining to overrule the district attorney general, the trial court specifically relied upon a decision by this court in State v. Perry, 882 S.W.2d 357, 360 (Tenn. Crim. App. 1994):

> Perjury strikes at the very heart of the judicial system because it "offends the basic principles underlying our judicial system" as well as threatens the vitality of the system (citing Wilder v. Wilder, 863 S.W.2d 707, 713 (Tenn. App. 1992)).... The seriousness of the offense is predicated upon the possibility that the perjured testimony may result in a miscarriage of justice. A convincing and cunning witness who gives perjured testimony may be deemed more credible than a honest, less convincing witness.

Whether to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105; State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). On a petition for certiorari after a refusal by the

3

district attorney to grant diversion, the hearing conducted by the trial judge is limited to two issues:

> (1) whether the accused is eligible for diversion; and
>
> (2) whether the attorney general abused his discretion in refusing to divert the accused.

State v. Watkins, 607 S.W.2d 486, 488-89 (Tenn. Crim. App. 1980).

In making the initial determination, the district attorney must consider (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) the defendant's physical and mental condition; (5) the deterrent effect of punishment upon other criminal activity; (6) the defendant's amenability to correction; (7) the likelihood that pretrial diversion will "serve the ends of justice" and the best interests of the defendant and the public; and (8) the defendant's "attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility, and attitude of law enforcement." State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988)). The nature and circumstances of the alleged offenses are not only appropriate factors to be considered upon application for diversion but may alone provide a sufficient basis for denial. Carr, 861 S.W.2d at 855; State v. Sutton, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984).

The circumstances of the case and a generalized need for deterrence, however, "cannot be given controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" Washington, 866 S.W.2d at 951 (emphasis and alteration in original) (quoting Markham, 755 S.W.2d at 853). Where there are no "such exceptional circumstances, 'the district attorney general must consider evidence which tends to show that the applicant is amenable

4

to correction [by diversion] and is not likely to commit further criminal acts.'" Id. (alteration in original); see also State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

In State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989), our supreme court expounded upon the duties of the district attorney general in making the initial assessment:

> This requirement entails more than an abstract statement in the record that the district attorney general has considered these factors. He must articulate why he believes that a defendant in a particular case does not meet the test. If the attorney general bases his decision on less than the full complement of factors enumerated in this opinion he must, for the record, state why he considers that those he relies on outweigh the others submitted for his consideration.

"The decision of a district attorney general granting or denying pretrial diversion to an accused is said to be 'presumptively correct'; and the decision should not be set aside unless there has been a 'patent or gross abuse of prosecutorial discretion.'" Perry, 882 S.W.2d at 360 (quoting Pace v. State, 566 S.W.2d 861, 870 (Tenn. 1978)). See State v. Charles A. Pinkham, Jr., ____ S.W.2d ____, No. 02S01-9611-CR-00096, slip op. at 2 (Tenn., at Jackson, November 17, 1997)(holding the district attorney must state "the factual basis and rationale for denying diversion").

In our view, the trial court's decision to uphold the denial of diversion is supported by a preponderance of the evidence. See State v. Houston, 900 S.W.2d 712, 715 (Tenn. Crim. App. 1995). We hold that the district attorney general's rejection of the defendant's application for pretrial diversion was for the most part warranted by the particular nature and circumstances of the alleged crimes. The denial of pretrial diversion in a perjury case sends an important message to those who may be called to testify in a court of law. The integrity of the judicial system is at issue. While

5

amenability to correction remains paramount in the consideration of pretrial diversion, general deterrence is also important in this particular instance. See Hammersley, 650 S.W.2d at 354. So is an aversion to contrition.

While the defendant has no prior criminal record, supports her child, has family support, and otherwise has a good social history, this court cannot hold, under these circumstances, that there was an abuse of discretion on the part of the district attorney general.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
Thomas T. Woodall, Judge

_____
Curwood Witt, Judge

6