IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2005

## STATE OF TENNESSEE v. ANTOWAN ANTONIO WILLIAMS

**Appeal from the Criminal Court for Montgomery County**
**No. 40400536     Michael R. Jones, Judge**

---

**No. M2004-03072-CCA-R3-CD - Filed September 23, 2005**

---

The defendant, Antowan Antonio Williams, pleaded guilty to attempted aggravated robbery. After conducting a sentencing hearing, the trial court ordered the defendant to serve a 2.7 year probationary sentence as a mitigated offender but denied the defendant's request for judicial diversion. The defendant now brings the instant appeal challenging the trial court's denial of judicial diversion. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Jeffry S. Grimes, Clarksville, Tennessee, for the Appellant, Antowan Antonio Williams.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The defendant entered an open guilty plea to the instant offense with the sentencing determination to be left to the discretion of the trial court. The trial court subsequently conducted a sentencing hearing to determine an appropriate sentence. During the hearing, the court asked the parties to recount the facts underlying the defendant's conviction. The prosecutor recounted that the defendant and his co-defendant, who were acquainted with the victim, held the victim at gunpoint and demanded money from him after he stepped outside of his apartment. The victim resisted their efforts and contacted the police immediately after the incident. As a result, the police were able to

locate the defendant and co-defendant within the victim's apartment complex minutes after the incident.[1]

The defendant requested that he receive the minimum sentence within his applicable sentencing range, that the court further reduce his sentence because he had pleaded guilty to this offense, or that the court grant judicial diversion in his case. In support of his request, the defendant asserted that he had no prior criminal record. The state agreed that the defendant should receive the minimum sentence; however, the state opposed the defendant's request for judicial diversion on the basis that the defendant was being sentenced for a violent offense that involved the use of a handgun and because the robbery took place in a residential area.

At the conclusion of the hearing, the court sentenced the defendant to serve a probationary sentence of 2.7 years as a mitigated offender. On appeal, the defendant challenges the trial court's denial of his request for judicial diversion.

"Judicial diversion" is a reference to Code section 40-35-313(a)'s provision for a trial court's deferring proceedings in a criminal case. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A) (2003). The result of such a deferral is that the trial court places the defendant on probation "without entering a judgment of guilty." *Id.* To be eligible or "qualified" for judicial diversion, the defendant must plead guilty to, or be found guilty of, an offense that is not "a sexual offense or a Class A or Class B felony," and the defendant must not have previously been convicted of a felony or a Class A misdemeanor. *Id.* § 40-35-313(a)(1)(B)(i). Diversion requires the consent of the qualified defendant. *Id.* § 40-35-313(a)(1)(A).

Eligibility, however, does not automatically translate into entitlement to judicial diversion. *See State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). The statute states that a trial court "may" grant judicial diversion in appropriate cases. Tenn. Code Ann. § 40-35- 313(a)(1)(A) (2003) (court "may defer further proceedings"). Thus, whether an accused should be granted judicial diversion is a question entrusted to the sound discretion of the trial court. *Bonestel*, 871 S.W.2d at 168.

"Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion." *State v. Cutshaw*, 967 S.W.2d 332, 343 (Tenn. Crim. App. 1997). Accordingly, the relevant factors related to pretrial diversion also apply in the judicial diversion context. They are:

> [T]he defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general

---

[1] Defense counsel and the defendant, who were present during the state's recitation of these facts, did not object to the state's characterization of the facts underlying the instant offense.

reputation and amenability to correction, as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that [judicial] diversion will serve the ends of justice and best interests of both the public and the defendant.

*Id.* at 343-44; *see State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993). Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. *Bonestel*, 871 S.W.2d at 168. The court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. *Id.*

On appeal, this court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. *Cutshaw*, 967 S.W.2d at 344; *Bonestel*, 871 S.W.2d at 168. Accordingly, when a defendant challenges the denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. *Cutshaw*, 967 S.W.2d at 344; *Bonestel*, 871 S.W.2d at 168.

The defendant argues that he is a proper candidate for judicial diversion because he has no prior criminal record, is married with two children, and is in good mental and physical health. He asserts that granting judicial diversion would allow him to serve his debt to society while remaining on probation but allow him to escape the stigma of classification as a convicted felon. The state counters that there is substantial evidence to support the trial court's denial of judicial diversion.

The trial court denied the defendant's request for judicial diversion after finding that the victim's resistance to the defendant's robbery efforts was the sole reason that the defendant was charged with the inchoate offense of attempted aggravated robbery, rather than the completed offense of aggravated robbery, which carries a minimum eight-year sentence. The court also determined that the defendant's use of a handgun weighed against a grant of judicial diversion. In sum, although the trial court found that there were many factors weighing in favor of judicial diversion, such as the defendant's lack of a criminal record and good social history, the court ultimately concluded that the circumstances of his offense outweighed any factors favoring diversion. The trial court acted within its discretion when making this determination and properly outlined its reasoning in the record. *See Cutshaw*, 967 S.W.2d at 344; *Bonestel*, 871 S.W.2d at 168. Moreover, we hold that there is substantial evidence in the record to support the court's finding that the victim's efforts alone prevented the defendant from committing an aggravated robbery and that a handgun was used during the commission of this offense. *See Bonestel*, 871 S.W.2d at 168.

Finding no error in the record, we affirm the judgment of the lower court.

_____
JAMES CURWOOD WITT, JR., JUDGE