IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. STEPHEN LEE NOE

**Appeal from the Criminal Court for Shelby County**
**No. 05-04011      Chris Craft, Judge**

---

### No. W2006-00439-CCA-R3-CD  - Filed December 27, 2006

---

The Appellant, Stephen Lee Noe, proceeding *pro se*, appeals the sentencing decision of the Shelby County Criminal Court.  Noe pled guilty to one count of statutory rape and, following a sentencing hearing, was placed on a two-year period of probation.  On appeal, Noe argues that the trial court erred by not granting judicial diversion.  After review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Stephen Lee Noe, *Pro Se*, Memphis, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and, Alanda Dwyer, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The Appellant, age twenty-four, was employed by the City of Memphis and worked in the "Property and Evidence Room" of the Memphis Police Department.  The Appellant had been employed in this position for over five years at the time of the offense.  The Appellant met the victim, age fifteen, in an internet chat room.  He implied to her that he had access to drugs that had been seized as evidence, and, because of his position, he could obtain drugs for her.  The Appellant had a sexual relationship with the victim from October, 2004 to "December, early January, 2005." Initially, he stated that he believed she was eighteen years old, but, in November, he learned that she was only fifteen years of age.  Nevertheless, he continued to engage in sexual relations with her for approximately four to six weeks after learning her true age.  During the same period that the

Appellant was engaged in a sexual relationship with the fifteen-year-old, he also engaged in sexual relations with an eighteen-year-old, who was a friend of the victim. At the sentencing hearing, the Appellant testified that he was aware his conduct was unlawful; however, he explained, "[he] wasn't thinking straight." The proof at the hearing established that the Appellant was single, a high school graduate, and currently employed at a Citgo service station in Memphis. The pre-sentence report reflects that the Appellant has no prior criminal history.[1] At the conclusion of the sentencing hearing, the trial court denied the Appellant's request for judicial diversion and imposed a sentence of two years, which was suspended.

**Analysis**

Tennessee Code Annotated section 40-35-313 (2003 & Supp. 2004), commonly referred to as the judicial diversion statute, provides that:

> The court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant.

A "qualified defendant" is one that is found guilty or pleads guilty or nolo contendre to the offense, is not seeking deferral or further proceedings for a "sexual offense" or a Class A or B felony, and has not previously been convicted of a felony or a Class A misdemeanor. T.C.A. § 40-35-313(a)(1)(B)(i)(a)-(c). The offense of statutory rape is not listed among the "sexual offenses" which would disqualify a defendant so the Appellant is statutorily eligible for judicial diversion. *See* T.C.A. § 40-35-313(a)(1)(B)(ii) (Supp. 2004).

> The Appellant appeals the trial court's denial of judicial diversion specifically asserting:

> The purpose of this Appeal is to ask the court to reconsider the sentencing of Mr. Noe, due to facts that were not accurately presented at the time of the Trial an (sic) ultimately the Judge based the sentencing on the facts he had before him.

Additionally, the Appellant asserts on appeal, "I am asking the court to reconsider my sentencing to be reduced from 2 years to 1 year and allow diversion and to expunge my record."

---

[1]The record does not contain a sex offender evaluation report, which is a prerequisite to a defendant's consideration for probation, pursuant to the Tennessee Standardized Treatment Program for Sex Offenders, if he or she has been convicted of a "sexual offense" as defined by this act. *See* T.C.A. § 39-13-705(b) (Supp. 2004). The definition of "sexual offense" includes the offense of statutory rape. T.C.A. § 39-13-703(2), (3) (2003). A convicted sex offender who is seeking probation must submit to an evaluation for the purpose of identifying and assessing the offender's risk of re-offending and potential for treatment and to establish a treatment plan and procedures for monitoring behavior. *State v. Pierce*, 138 S.W.3d 820, 824 (Tenn. 2004); T.C.A. § 39-13-705(b). The evaluation report "shall be included as part of the pre-sentence report and shall be considered by the court in determining the sentencing issues stated in this section." *Pierce*, 138 S.W.3d at 824 (citing T.C.A. § 39-13-705(b)).

Our sentencing act provides that a defendant in a criminal case may appeal from the length or manner of service of the sentence imposed by the sentencing court based upon one or both of the following grounds: (1) the sentence was not imposed in accordance with this chapter; or (2) the enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103. T.C.A. § 40-35-401(b)(1),(2) (2003).

In this appeal, the Appellant fails to articulate how the sentencing decision of the trial court is incongruent with the sentencing act and fails to identify any sentencing error by the trial court. Rather, the Appellant requests that this court merely reconsider his sentence and grant him judicial diversion, modified by one year of probation, in order that he can "go forward with [his] life and do something constructive." It is not this court's prerogative to "reconsider" a defendant's sentence on appeal where no sentencing error is identified by the Appellant. As is often quoted by this court:

> Under the 1989 Act, this Court may presume the trial court's determinations to be correct. If appellate review reflects that the trial court, by following the statutory sentencing procedure, imposed a lawful sentence, after having given due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact upon which the sentence is based are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result.

*State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In denying the Appellant's request for judicial diversion, the trial court entered the following findings:

> I find that he's amiable [sic] to correction under the diversion qualifications in State vs. Parker. The circumstances of the offense were somewhat aggravated. He has no criminal record.
>
> He has a fairly good social history . . . . [H]e worked in the Property Room for . . . five or more years, which gives him a good employment history until he was fired for this, using his job to help him get access to this girl's body.
>
> He has good physical and mental health. I can't say that this case has much deterrent value, there's been no proof of that. No one else is going to say well, I better not have sex with that kid because of what happened to Mr. Noe, because it's not a highly publicized case.
>
> Another factor other than the circumstances of the offense being somewhat aggravated or whether judicial diversion will serve the interest of the public as well as the accused, no question would serve his interest. But my problem with diversion is that he's worked for the government and he's misused his position.

He's had sex with this girl as well as her friends . . . . [M]y concern is is [sic] that he may do this again at some point. He may get a government job or a job where he abuses trust again, and I think it would be good:

> (1)   That he have this on his record so that he does not ever work for the government again; and
> (2)   I think he needs to report because I think he needs to be registering every year as a sex offender.

And so for that reason because of the circumstances of the offense and the fact that I don't think diversion will serve the interest of the public is that I'm going to have to deny his diversion.

In determining whether to grant judicial diversion, the trial court must consider the following factors: (a) the accused's amenability to correction; (b) the circumstances of the offense; (c) the accused's criminal record; (d) the accused's social history; (e) the status of the accused's physical and mental health; and (f) the deterrence value to the accused as well as others. *State v. Lewis*, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997), *perm. to appeal denied*, (Tenn. 1998) (citing *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993)). The trial court should also consider whether judicial diversion will serve the ends of justice, and the interest of the public as well as the accused. *Id*. Additional factors which may be considered include the Appellant's attitude, his behavior since his arrest, his home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, and the attitude of law enforcement. *Id*. (citing *State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993)).

The decision of whether to grant a request for judicial diversion lies within the sound discretion of the trial court, and this court will not disturb that decision on appeal absent an abuse of discretion. *State v. Robinson*, 139 S.W.3d 661, 665 (Tenn. Crim. App. 2004); *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). An abuse of discretion exists if the record contains no substantial evidence to support the denial. *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996); *State v. Hammersley*, 650 S.W.2d 352, 356 (Tenn. 1993).

There is substantial evidence to support the trial court's denial of judicial diversion. The Appellant was twenty-four years old and had been employed by the Memphis Police Department for over five years when he engaged in sexual relations with a fifteen-year-old girl. The Appellant implied that he had access to drugs which had been seized as evidence and implied that the drugs could be made available to the minor victim. For these reasons, we agree with the trial court's finding that the Appellant "misused" his position of trust as an employee of the Memphis Police Department. Moreover, the record demonstrates that the factors of the Appellant's amenability to correction, the circumstances of the offense, and the deterrence value to the Appellant, as well as to others, militate against the grant of judicial diversion. Accordingly, no abuse of discretion is shown.

**CONCLUSION**

Based upon the foregoing, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE