# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 26, 2011

## STATE OF TENNESSEE v. CHRISTOPHER LOCKE

**Appeal from the Circuit Court for Blount County**
**No. C-18813       David R. Duggan, Judge**

_____

**No. E2010-01965-CCA-R3-CD - Filed August 9, 2011**

_____

The defendant, Christopher Locke, pled guilty to one count of incest, a Class C felony. After a sentencing hearing, the trial court imposed a Range I sentence of three years, all suspended upon compliance with the terms of probation and sex offender supervision. On appeal he argues that the trial court erred in denying judicial diversion. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, J., and DAVID H. WELLES, JR., Sp. J., and joined.

J. Liddell Kirk, Knoxville, Tennessee; Raymond Mack, District Public Defender; and Tiffany L. Deaderick, Assistant Public Defender, for the appellant, Christopher Locke.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 12, 2010, in Blount County, the defendant was charged with one count of incest, a Class C felony. The defendant pled guilty to incest for an agreed-upon sentence of three years, with the trial court to later determine the manner of service at a sentencing hearing. On September 3, 2010, the trial court sentenced the defendant, as a Range I offender, to three years in the Department of Correction, all suspended upon compliance with the terms of probation and sex offender status. The trial court denied the defendant's request for judicial diversion. On September 8, 2010, the defendant filed a timely notice of appeal.

The Pre-Sentence Investigation Report provides the following facts underlying the case:

On or about February 15, 2009, the defendant engaged in sexual intercourse with his half-sister. At the time of the offense, the defendant was nineteen years old and the victim was fifteen years old. The victim became pregnant and gave birth to a child on November 4, 2009. The child was born with birth defects which the doctors determined were indicative of incest. DNA tests revealed that the father of the child was either the victim's father or brother. It was then discovered that the defendant was the father of the child. Upon this discovery, both the defendant and the victim admitted to engaging in sexual intercourse with one another. The defendant stated that he knew what he did was unacceptable.

The offense occurred at the home of the defendant, where he lived with his mother and the victim. The victim stated that she and the defendant were alone at the house one day and were "roughhousing" around. She said that this led up to them having sexual intercourse. In a taped interview with the defendant, he admitted to having sex with the victim "at least three or four times." The defendant expressed remorse about the incident in question and said he knew he must take responsibility for it.

The defendant grew up in Blount County. His mother was not a steady figure in his early life, and he lived with his grandparents until the age of eleven. He then went to New York to visit his mother and stayed to live with her. The defendant and his mother stayed in New York for more than a year before moving back to Tennessee. The defendant stated that during the time he lived with his mother, she drank frequently and was always partying with different boyfriends. The defendant stated that he began drinking alcohol and smoking marijuana between the ages of twelve and fourteen. The defendant dropped out of school in the eleventh grade but later obtained his G.E.D.

The defendant then joined the Army but was released soon after for being unable to pass the fitness test. Upon his release, he returned to live with his mother, and that is when the current offense occurred. The defendant worked at several different jobs but has never been able to maintain steady employment.

After his plea, the defendant moved in with his grandparents because he was not allowed to have any contact with the victim. Prior to the sentencing hearing, the defendant told his probation officer that he had not smoked marijuana in a "long time." However, the defendant then tested positive for marijuana and admitted that he had smoked marijuana within the last thirty days.

At the sentencing hearing, the defendant's grandparents and his pastor testified on his behalf. James Lee Taylor, the defendant's step-grandfather, testified that the defendant's life entered a "downward spiral" after he was released from the Army. Taylor also testified that he did not know about the incest incident until the baby was born and the DNA tests were performed. Taylor testified that was not aware that the defendant had been smoking marijuana while living at his and his wife's home. Taylor stated he

was disappointed about the drug use and the incest but testified that he believed the defendant was a good candidate for judicial diversion. Taylor stated that the defendant had no criminal record and had no serious problems as a minor.

The defendant's grandmother, Laura Taylor, also testified at the sentencing hearing. Ms. Taylor stated that the defendant's mother was not the best parent. She testified that the defendant's mother suffered from bad migraines and was on medication that kept her in bed most of the time. This resulted in the defendant and the victim taking care of her and the household. Ms. Taylor testified she did not know about the incest until after the child was born and was not aware of the defendant's drug use. Like Mr. Taylor, Ms. Taylor also believed the defendant was a good candidate for judicial diversion. She stated that he was a "real good person" who simply made a mistake.

The defendant's pastor also testified that the defendant was a good person. The pastor offered to help the family with counseling.

After hearing this testimony, as well as the defendant's testimony on his own behalf, the trial court sentenced the defendant to three years confinement, all suspended upon compliance with the terms of probation and sex offender supervision. The court then found that the defendant was not amenable to correction primarily because he had used drugs after pleading guilty to incest but before the sentencing hearing. The court considered several other factors in its determination regarding judicial diversion. Ultimately, the court denied judicial diversion, stating that the defendant's drug use was the "primary reason" for the denial.

**Standard of Review**

When challenging a trial court's denial of a request for judicial diversion, the standard of review on appeal is an abuse of discretion. *State v. Hammersley*, 650 S.W.2d 352, 356 (Tenn. 1983). Thus, if the record contains any substantial evidence to support the denial, we will not overturn the trial court's decision. *Id*.

**Analysis**

On appeal, the defendant argues that the trial court erred in denying judicial diversion. Specifically, the defendant argues that "the trial court failed to properly weigh all the factors in favor of granting judicial diversion." Essentially, he argues that while his admitted use of marijuana after his guilty plea but before his sentencing hearing should be considered by the court, it should not outweigh the other factors considered by the court when determining whether to grant judicial diversion.

Tennessee law provides a mechanism by which a defendant may be eligible for probation while bypassing the need of the court to enter a guilty judgment. Tennessee

Code Annotated section 40-35-313 states that a court "may defer further proceedings against a qualified defendant and place the defendant on probation . . . without entering a judgment of guilty and with the consent of the qualified defendant." T.C.A. § 40-35-313(a)(1)(A) (2010).

In order to be eligible for judicial diversion, a defendant must meet certain requirements that are necessary to obtain a "qualified defendant" status. A qualified defendant is one who (a) is found guilty or pleads guilty to the offense for which probation is sought; (b) is not seeking deferral of further proceedings for a Class A or Class B felony, for a sexual offense, or for a violation of sections 71-6-117 or 71-6-119; and (c) has not previously been convicted of a felony or a Class A misdemeanor. T.C.A. § 40-35-313(a)(1)(B)(I). However, mere satisfaction of these requirements does not automatically entitle the defendant to judicial diversion as a matter of right. *Id*. The statute states that the court "may" defer further proceedings and place the defendant on probation, indicating that the decision to grant or deny judicial diversion is within the sound discretion of the trial court. T.C.A. § 40-35-313(a)(1)(A). As previously noted, on appeal this court will not disturb the trial court's decision in denying judicial diversion if there is "any substantial evidence to support the refusal." *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

Although sexual offenses typically disqualify a defendant from being granted judicial diversion, the Tennessee legislature notably left out incest on the enumerated list of "sexual offenses" in the judicial diversion statute. T.C.A. § 40-35-313(a)(1)(B)(ii). As such, courts have considered incest an offense that is eligible for judicial diversion consideration. *See State v. Freels*, No. E2008-01198-CCA-R3-CD, LEXIS 984, at *18 (Tenn. Crim. App., at Knoxville, Dec. 4, 2009).

When determining whether to grant judicial diversion, a trial court should consider:

(a) the accused's amenability to correction,
(b) the circumstances of the offense,
(c) the accused's criminal record,
(d) the accused's social history,
(e) the accused's physical and mental health,
(f) the deterrence value to the accused as well as others, and
(g) whether judicial diversion will serve the interests of the public as well as the accused.

*State v. Electroplating, Inc.,* 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). The court may also consider additional factors such as a defendant's current drug usage, emotional stability, past employment, and home environment. *State v. Lewis,* 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997) (citing *State v. Washington*, 866 S.W.2d 950, 951 (Tenn.

1993)).  When denying judicial diversion, a trial court should explain its analysis of why the defendant fails to qualify for diversion.  Furthermore, if the trial court primarily bases its decision on only a few of the factors, it must explain why the factors supporting denial outweigh the remaining factors.  *Id*.

When considering the defendant's request for judicial diversion in this case, the trial court looked at the required relevant factors.  Ultimately, the trial court determined that the defendant's low amenability to correction outweighed the other factors in favor of diversion and, consequently, denied the defendant's request.

The defendant argues that the trial court failed to properly weigh all of the factors in favor of granting judicial diversion by failing to explain what weight was afforded each factor.  However, this argument is misguided.  The record illustrates that although the trial judge did not go into a detailed discussion of each factor, he did consider all of the relevant factors in his determination.  A judge has not abused his discretion by failing to include an intricate explanation of every factor considered in his analysis.  *State v. Mims*, No. M2009-00512-CCA-R3-CD, LEXIS 647, at **20-21 (Tenn. Crim. App., at Nashville, July 27, 2010).  In *Mims*, this court affirmed the decision of the lower court to deny the defendant's request for judicial diversion even though the lower court did not specifically elaborate on each of the factors considered.  *Id*.  There, the lower court denied judicial diversion based on the circumstances of the offense and the defendant's amenableness to correction.  *Id*.  In our review on appeal we held that, "[a]lthough the trial court did not elaborate extensively on all of the relevant diversion factors or explicitly state the weight it was applying to each factor, its findings implicitly show the weight it applied and evince a knowledge of the factors it was to consider."  *Id*.

Similarly in the instant case, the trial court did not elaborate extensively on all of the diversion factors that it considered.  However, as indicated in the record, the trial court considered the defendant's amenability to correction, the circumstances of the offense, the defendant's criminal record, the defendant's social history, the defendant's physical and mental health, and whether judicial diversion would serve the interests of both the defendant and the public.  Because all of the relevant factors were considered in his determination, the trial judge underwent the proper analysis and did not abuse his discretion.

Additionally, the defendant argues that his drug use should not outweigh the factors in favor of granting judicial diversion.  In his analysis, the trial judge placed considerable weight on the fact that the defendant smoked marijuana in the time between his guilty plea and the sentencing hearing.  Because of this act by the defendant, the judge determined that the defendant was not amenable to correction.  Placing such weight on this factor is within the discretion of the trial court and has been upheld on appeal.  *See Freels*, LEXIS 984 (holding that denial of judicial diversion was appropriate where lower court determined that defendant was not amenable to rehabilitation); *see also State v.*

*Reep*, No. E2007-00619-CCA-R3-CD, LEXIS 455, at **19-20 (Tenn. Crim. App., at Knoxville, June 23, 2008). In a 2009 opinion by this court involving a defendant charged with two counts of robbery, we pointed out the defendant's poor social history, including drug use, unstable work history, and his dropping out of school when affirming the trial court's denial of judicial diversion. *State v. Simmons*, No. W2008-0-CCA-R3-CD, LEXIS 334, at **23-25 (Tenn. Crim. App., at Jackson, May 8, 2009). Although the court determined that the circumstances of the robberies were not particularly outrageous and the defendant had no prior criminal record, this court found that these factors were outweighed by the defendant's low amenability to correction, poor social history, and the deterrent value to the public and the defendant in denying diversion. *Id*.

Here, the record establishes that the defendant smoked marijuana after pleading guilty to a Class C felony, had a spotty work history, and dropped out of high school in the eleventh grade. On more than one occasion, the trial judge expressed concern over the defendant's drug use between the guilty plea and the sentencing hearing. This led the judge to believe that the defendant was not amenable to correction. His low amenability to correction together with his questionable social history could outweigh the remaining factors when considering judicial diversion. The judge's statements and concerns explain why these considerations were afforded more weight. Because the record supports the trial court's findings, we must conclude that no abuse of discretion occurred.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in denying the defendant's request for judicial diversion. As such, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE