# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 20, 2013

## STATE OF TENNESSEE  v. STEVEN MATTHEW MESSER

**Appeal from the Criminal Court for Hamblen County**
**No. 12CR137      John F. Dugger, Jr., Judge**

---

**No. E2013-00647-CCA-R3-CD - Filed January 22, 2014**

---

The defendant, Steven Matthew Messer, appeals the Hamblen County Criminal Court's denial of judicial diversion for his convictions of statutory rape.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

P. Richard Tally, Dandridge, Tennessee, for the appellant, Steven Matthew Messer.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Kim Morrison, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In November 2011, the defendant, who was one month shy of his 21st birthday, met the 14-year-old victim, E.H.,[1] at a party at the home of the defendant's employer.  The victim obtained the defendant's cellular telephone number from someone at the party, and, shortly thereafter, she began calling the defendant and sending him text messages.  The victim requested that the defendant visit her at her house, which the defendant agreed to do.  While at the victim's residence, the defendant and the victim engaged in oral sex.  Later that same month, the defendant encountered the victim while she was walking toward a gas station.  The defendant picked her up in his vehicle and proceeded to engage in sexual intercourse with the victim inside the vehicle while parked at the gas station.

---

[1]It is the policy of this court to refer to minors by initials.

The defendant was charged with, and pleaded guilty to, two counts of statutory rape. At the guilty plea hearing, the defendant stated that he was a high school graduate and that he was presently attending "auto body" classes at the Tennessee Technology Center in Morristown, where he had previously received his graphics diploma. The defendant testified that he was working full-time for Classic Rust Restoration and that he was currently residing with his parents. The defendant testified that he spent his evenings caring for his ailing father, who was suffering from Stage 4 bladder cancer. With respect to the victim, the defendant stated that he thought she was 16 years of age at the time of their sexual encounters.

In addressing the defendant's request for judicial diversion, the trial court made the following findings:

> Under State v. Parker there's certain considerations the Court has to consider. Number one, the accused's amenability for correction. You probably pass that. You probably are amenable to corrections. [sic]
>
> . . . .
>
> Because you finished school, you're working, helping with family, haven't had any other arrests since these two offense[s]. Circumstances of the offense are not in your favor. 14-year-old girl, you're almost 21 and you thought she was 16, which doesn't help either. That doesn't help you. And it didn't happen once but it happened twice. So, that is not in your favor. Accused's criminal record: You have none. That's in your favor. Your social history: Social history, probably – you've got a good family relationship it appears, you're working, you finished school. That's in your favor. The status of the accused's physical and mental health: Good, as far as everything that has been told to the Court. Deterrence value to the accused as well as others: Probably not in your favor. Other people need to be deterred from this behavior. I mean, even your explanation is that I thought she was 16. That's not even – I mean, that's a violation of the law. And it didn't happen once but it happened twice. This was a very – I mean, if she had been about a year younger, a little more than a year younger, you could be looking at 25 years day for day in the penitentiary. Less than 13 is 25 years. Do you understand?

. . . .

That's how – I mean, it's not like it's close, 14. So other people need to be deterred from this. Whether judicial diversion will serve the interest of the public as well as the accused. I'm not going to grant you a judicial diversion. I don't think it will serve the interest of the public because there is [sic] two offenses. I'm going to deny your judicial diversion. . . .

The trial court sentenced the defendant to two concurrent one-year sentences, to be served in split confinement – twenty days in confinement and the balance on probation. *See* T.C.A. § 40-35-306(a) ("A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum for the class of the conviction offense.").

In this appeal, the defendant contends that the trial court abused its discretion by refusing to grant him judicial diversion. The State contends that the denial of diversion was appropriate because the defendant failed to submit the statutorily-required certification and that, in any event, the trial court did not abuse its discretion in its denial of diversion.

"Judicial diversion" is a reference to the provision in Tennessee Code Annotated section 40-35-313(a) for a trial court's deferring proceedings in a criminal case. *See* T.C.A. § 40-35-313(a)(1)(A). Pursuant to such a deferral, the trial court places the defendant on probation "without entering a judgment of guilty." *Id.* To be eligible or "qualified" for judicial diversion, the defendant must plead guilty to, or be found guilty of, an offense that is not "a sexual offense or a Class A or Class B felony,"[2] and the defendant must not have previously been convicted of a felony or a Class A misdemeanor. *Id.* § 40-35-313(a)(1)(B)(i)(b), (c). Diversion requires the consent of the qualified defendant. *Id.* § 40-35-313(a)(1)(A).

Eligibility, however, does not automatically translate into entitlement to judicial diversion. *See State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). The statute states that a trial court may grant judicial diversion in appropriate cases. *See* T.C.A. § 40-35-313(a)(1)(A) (citing that court "may defer further proceedings"). Thus, whether an accused should be granted judicial diversion is a question entrusted to the sound discretion of the trial

_____

[2]Statutory rape, as defined in Tennessee Code Annotated section 39-13-506(b), is not one of the sexual offenses listed in section 40-35-313(B)(ii)(*a*)-(*k*).

court. *Bonestel*, 871 S.W.2d at 168.

"Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion." *State v. Cutshaw*, 967 S.W.2d 332, 343 (Tenn. Crim. App. 1997). Accordingly, the relevant factors related to pretrial diversion also apply in the judicial diversion context. They are:

> [T]he defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation and amenability to correction, as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that [judicial] diversion will serve the ends of justice and best interests of both the public and the defendant.

*Id.* at 343-44; *see also State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993). Moreover, the record must reflect that the trial court has weighed all of the factors in reaching its determination. *Bonestel*, 871 S.W.2d at 168. The trial court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. *Id.*

On appeal, this court must determine whether the trial court abused its discretion in failing to grant judicial diversion. *Cutshaw*, 967 S.W.2d at 344; *Bonestel*, 871 S.W.2d at 168. Accordingly, when a defendant challenges the denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. *Cutshaw*, 967 S.W.2d at 344; *Bonestel*, 871 S.W.2d at 168.

As an initial matter, we must address the State's contention that the 2005 amendments to the Sentencing Act impacted judicial diversion. In making this argument, the State asserts that a July 2005 opinion relied upon by the defendant should be afforded less weight than more recent cases addressing judicial diversion, such as *State v. Kiara Tashawn King*, No. M2012-00236-CCA-R3-CD (Tenn. Crim. App., Nashville, Mar. 4, 2013), due to "the sea change that occurred in sentencing with the 2005 amendments." In support of this statement, the State cites to *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012) and *State v. Caudle*, 388 S.W.3d 273 (Tenn. 2012). The State's position is, quite simply, incorrect.

Judicial diversion, is not now, and never has been, a sentence, and as such,

it remains unaffected by both the amendments to the Sentencing Act and the subsequent opinions, including *Bise* and *Caudle*, interpreting those amendments. *See, e.g., State v. Turco*, 108 S.W.3d 244, 247 (Tenn. 2003); *Alder v. State*, 108 S.W.3d 263, 267 (Tenn. Crim. App. 2002) ("The judicial diversion probationary period is not a sentence nor is it punishment."). The grant or denial of diversion has always been reviewed for an abuse of discretion. *See Cutshaw*, 967 S.W.2d at 344; *Bonestel*, 871 S.W.2d at 168. Accordingly, *Bise*, *Caudle*, and the 2005 amendments to the Sentencing Act are wholly inapplicable to a judicial diversion determination.[3]

Turning now to the defendant's argument that the trial court abused its discretion in denying his request for judicial diversion, we find, first, that the defendant failed to comply with the statutory requirement for diversion eligibility. Tennessee Code Annotated section 40-35-313(3)(A) provides that "[n]o order deferring further proceedings and placing the defendant on probation as authorized by this subsection (a) may be entered by the court on or after July 1, 1998, unless there is attached to it a certificate from the Tennessee bureau of investigation stating that the defendant does not have a prior felony or Class A misdemeanor conviction." The record in the instant case contains no such certification of eligibility from the Tennessee Bureau of Investigation. This court has previously held that "a defendant who is seeking judicial diversion bears the burden of showing the trial court that the defendant is in fact statutorily qualified for judicial diversion" and "[u]nless a defendant is qualified, further determinations by the trial court on the issue of granting or denying judicial diversion is pointless." *State v. Jonathan Ray Sender*, No. M2009-01713-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Nashville, Nov. 8, 2010).

Even if, however, the defendant had complied with the statutory requirement of certification, the record establishes that the trial court gave proper consideration to all relevant factors in assessing the defendant's suitability for judicial diversion. Although the

---

[3]After the filing of the briefs, the supreme court filed its opinion in *State v. James Allen Pollard*, __ S.W.3d __, No. E2013-00647-CCA-R3-CD (Tenn., Nashville, Dec. 20, 2013), in which the court said that sentence alignment decisions would be reviewed on appeal for abuse of discretion and accompanied by a presumption of reasonableness. Although it is unclear whether this holding is purely the progeny of *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012) or is merely a result of the long-standing "discretionary" language found in the consecutive sentencing statute, Tennessee Code Annotated section 40-35-115, *James Allen Pollard* has no effect on our decision today. Tennessee's jurisprudence has made it clear that judicial diversion is not an exercise in sentencing. Furthermore, in preserving abuse of discretion as the review standard for sentence alignment issues, the supreme court made it clear that parameters and guidelines for exercising the trial court's discretion still apply, including the bench-made requirements of *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995). If *James Allen Pollard* has any application to the present case, it would be to express that traditional notions of parameters, guidelines, or factors apply to inform and review discretionary decisions. For purposes of judicial diversion, those parameters, guidelines, and factors are embodied in existing caselaw as noted above. *See, e.g., Cutshaw*, 967 S.W.3d at 343-44.

trial court found the defendant's amenability to correction, social history, physical and mental health, and lack of criminal record all weighed in the defendant's favor, the trial court placed significance on the circumstances of the offense, the need to deter others from similar actions, and consideration of whether judicial diversion would serve the public interest, determining that those factors outweighed all others.

In support of his position that the trial court abused its discretion in denying his request for diversion, the defendant relies on *State v. Brian Carl Lev*, No. E2004-01208-CCA-R3-CD (Tenn. Crim. App., Knoxville, July 21, 2005), in which this court reversed the trial court's denial of judicial diversion. In *Brian Carl Lev*, the 35-year-old defendant pled guilty to two counts of the statutory rape of the 16-year-old victim, and the trial court denied the defendant's request for judicial diversion. *Id.*, slip op. at 1-2. In reversing the decision of the trial court, this court found that the "the trial court based its decision to deny judicial diversion on a single factor, the circumstances of the offense, focusing only upon the age difference between the [defendant] and the victim and their continued non-sexual relationship." *Id.*, slip op. at 3. Unlike the trial court in *Brian Carl Lev*, however, the trial court in the instant case gave proper consideration to all appropriate factors in denying the defendant's request for diversion. As such, we conclude that the trial court did not abuse its discretion by denying judicial diversion in this case.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE